## The Missouri Pacific Railway Company v. Peter Youngstrom.

RAILROAD COMPANIES — *Roads through Inclosed Lands — Fences.* Under the provisions of chapter 154 of the Laws of 1885, compelling railroad companies to fence their roads through lands inclosed with a lawful fence, before the owner of the lands can recover the value from a railroad company of a fence built by him in accordance with the provisions of the statute, he must prove that his lands, or a part thereof, which are claimed to be inclosed have a lawful fence — that is such a fence as is defined by the statute to be a legal or lawful fence.

*Error from Wilson District Court.*

THE opinion states the case.

*W. A. Johnson,* for plaintiff in error.

*S. S. Kirkpatrick,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Peter Youngstrom commenced his action against the Missouri Pacific Railway Company to recover the value of a fence alleged to have been built by him along the line of the right-of-way of the Leroy & Caney Valley Air-Line railroad through his premises, and also for an attorney's fee. He alleged that the Missouri Pacific Railway Company was operating the Leroy & Caney Valley Air-Line railroad, as lessee.

Trial before the court without a jury, at the May term, 1888. Judgment was rendered in favor of the plaintiff be-

low and against the railway company for $45 for the value of the fence constructed, and $25 as a reasonable attorney's fee, together with the costs, taxed at $9.35. The railway company excepted, and brings the case here.

The railway company claims that chapter 154, Laws of 1885, to compel railroad companies to fence their roads through lands inclosed with a lawful fence, is unconstitutional. This court has recently decided otherwise. (*Mo. Pac. Rly. Co. v. Harrelson,* 44 Kas. 253.) It is next claimed that the trial court erred in overruling the demurrer of the railway company to the evidence of plaintiff below, and also erred in rendering judgment against the railway company because of the absence of sufficient proof. The petition alleged, among other things, "that before and at the time of the construction of the Leroy & Caney Valley Air-Line railroad, in 1886, through the premises of the plaintiff, said premises were inclosed with a good, sufficient and lawful fence." There was no evidence introduced upon the trial showing or tending to show that the premises of the plaintiff below, or any part thereof, were inclosed with a lawful fence. The only evidence concerning the inclosure of the premises was as follows: "Peter Youngstrom testified in his own behalf:

"Ques. What part of section 25 do you own, Mr. Youngstrom? Ans. The north half.

"Q. This Leroy & Caney Valley Air-Line road runs through it? A. Yes, sir.

"Q. Were your premises fenced at the time the railroad was constructed through there? A. Yes, sir.

"Q. Well, you are the owner of those premises, are you? A. Yes, sir.

"A. What time was the railroad constructed through there? A. About two years ago.

"Q. In 1886? A. I suppose so; yes, sir."

Under the provisions of chapter 154, Laws of 1885, the plaintiff was not entitled to recover unless he showed that his premises, or a part thereof, were inclosed with a *lawful fence.* Paragraphs 3060–3064, General Statutes of 1889, define what are legal or lawful fences. Evidence that premises are fenced

is not sufficient to show that the premises are inclosed with a legal or lawful fence, within the terms of the statute. The burden of proof was upon the plaintiff below, and in the absence of proof of a lawful fence, the demurrer to the evidence should have been sustained. The plaintiff was not entitled to any judgment.

In the case of *Mo. Pac. Rly. Co. v. Harrelson,* supra, it was expressly stipulated by the parties, in writing, that the premises " were inclosed with a good, sufficient and lawful fence." There was no such stipulation in this case, and no proof that the fence inclosing the premises was a *legal* or *lawful* one.

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.