## VANDALIA RAILROAD COMPANY v. FETTERS.

[No. 5,999. Filed December 11, 1907.]

1. PLEADING.—*Complaint.*—*Exhibits.*—*Railroads.*—*Fences.* — In an action against a railroad company to recover the cost of a fence built by the abutting landowner, the itemized account of the cost thereof, given to the company, is not the basis of the action and is not a necessary exhibit to the complaint. p. 617.

2. SAME.—*Complaint.*—*Assumpsit.*—*Work and Labor.*—*Railroads.* —*Fences.*—The basis of the action for the building of a fence, by an abutter, along a railroad right of way, is the work and labor furnished which has inured to defendant's benefit, an allegation of the value of the fence together with a statement of the material used and labor performed being manifestly sufficient. p. 617.

3. RAILROADS.—*Fences.*—*Conditions Precedent.*—*Fencing by Land-owners.*—In order that an abutter may compel a railroad company to pay for his erection of a fence along its right of way it is not necessary to prove that he has a "lawful" fence in good repair around the other portions of his field. p. 618.

4. SAME.—*Fences.*—*Replacing Old, with New.*—*Statutes.*—Where a railroad company has permitted its fence along its right of way to decay, and the abutter has been compelled to erect a new fence in its stead, he has a right of recovery under §5325 Burns 1901, Acts 1885, p. 224, §3, providing for the "repair" of a right of way fence by the abutting landowner. p. 619.

From Marshall Circuit Court: *Harry Bernetha*, Judge.

Action by David Fetters against the Vandalia Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Samuel Parker, John G. Williams, Andrew Anderson* and *Will G. Crabill,* for appellant.

*Harley A. Logan,* for appellee.

COMSTOCK, J.—Appellee recovered judgment against appellant for the rebuilding of a fence on its right of way where appellee's farm land abutted upon the same. The complaint alleges, in substance, that appellee's lands, being agricultural lands, abut upon the right of way of appellant's railroad; that on April 12, 1905, the original right of way fence along said lands had decayed so that it would not turn stock of any kind; that at said time his said lands were fenced, except along said right of way; that on said day he caused to be prepared and served upon the appellant's nearest freight agent a written notice stating that he owned said lands, that the fence was out of repair, the probable cost of putting it in repair, and that unless appellant rebuilt or repaired the fence within thirty days he would enter upon the right of way and rebuild or repair it himself; that, the fence not having been rebuilt or repaired pursuant to said notice, he, on May 15, 1905, built and constructed along the edge of the right of way next to his said lands, a good woven-wire fence, at a cost of $106.67, and on May 22, 1905, he prepared an itemized statement of the cost of said fence, verified the same, and delivered a duplicate copy thereof to appellant's agent, being the same agent upon whom he served said notice; that appellant failed within sixty days to pay or tender the amount shown by said statement to be due, and that said sum, together with an attorney's fee of $50, is due and unpaid. A demurrer to the complaint for want of facts was overruled, the cause put at issue by general denial, and tried by the court. Upon proper request the court made special findings and stated one conclusion of law thereon, to the effect that appellee was entitled to recover the reasonable value of the fence constructed by him, in the sum of $99.95, and his attorney's fee of $25 and costs.

Judgment was rendered in accordance with the conclusion of law.

In this appeal it is contended in behalf of appellant that the court erred (1) in overruling its demurrer to the complaint; (2) in the conclusion of law. In support of

1. the first specification of error appellant claims that the complaint is insufficient, because the itemized account is not made a part thereof as an exhibit or otherwise. The statute, in three sections, aims to secure and maintain the fencing of a railroad's right of way so as to keep all domestic animals from its tracks. §§5323-5325 Burns 1901, Acts 1885, p. 224, §§1-3. Section 5323, *supra,* states the duty and the manner of its discharge, §5324, *supra,* fixes the time limit after the completion of the road for the construction of the first fence, and the landlord's right, upon default, and §5325, *supra,* imposes the duty to maintain, and defines the landowner's rights upon the company's failure to keep up the fence according to the original standard. *Terre Haute, etc., R. Co.* v. *Erdel* (1904), 163 Ind. 348. The proceeding in the case at bar was under §5325, *supra,* which provides that, after the landowner has taken the steps provided for in the statute, he may recover the "reasonable value of such repairs so made from such railroad."

The itemized statement to be furnished the railroad company is not the foundation of the action. The work and labor done and materials furnished, which have in-

2. ured to the benefit of the company, is the foundation of the cause of action. When a written instrument is not the basis of the action or defense, but is only referred to as one among other facts material to the pleading, a copy or exhibit need not be filed with or made a part of the pleading. Counsel for appellant cite §365 Burns 1901, §362 R. S. 1881, and numerous cases from the Supreme and Appellate Courts, but they do not apply to the question before us, for the reason stated. The complaint alleges "that said

fence is worth, and the reasonable value thereof is, $106.67, itemized as follows: [Then follows an itemized statement of the material used and labor performed.] Total cost of rebuilding and replacing fence, $106.67. * * * And plaintiff says that, after the completion of said fence, he did, on May 22, 1905, present for payment to the freight receiving and shipping agent employed by defendant at its station, LaPaz Junction, Indiana—said station being the nearest shipping station of the defendant railroad to the land so described as fenced—an itemized statement, verified by affidavit of this plaintiff, of the expense of the construction of such fence so built by plaintiff at a cost of $106.67; that said verified, itemized statement was presented to John M. Montgomery, who was said agent at LaPaz Junction, Indiana, at his office in said station, and a duplicate copy of such sworn statement was furnished and delivered to him at said time." So that while the itemized account is not the foundation of this action, it substantially appears to have been embodied in the complaint.

It appears, from the only part of the special findings which appellant questions, that the appellee's lands abutting on the right of way where he repaired or rebuilt the fence were divided into two fields, the one on the south containing about twenty acres and the one on the north about forty acres. The north part of the right of way fence, built by appellee along the south field, was approximately sixty rods, and along the north field, ninety-three and one-third rods. At the time when the thirty days' notice was served, and when the fence was built by appellee, his fence along the side of the south field and next to the public highway "was insufficient, without repair, permanently to restrain horses, cattle, mules, sheep, hogs and other stock." The fence along the north side of the forty acres, or north field, was a partition fence, and the east part thereof, being the part belonging to the adjoining landowner, "consisted of two or three wires strung on posts, and was not at said time

sufficient to turn hogs and sheep.'' Upon these facts it is claimed that appellee was not in a position to demand and require that appellant build or repair its right of way fence along the fields. In behalf of appellant it is insisted that the statute means that the landowner, before he can require a railroad company to construct and maintain what may be called a lawful fence along the right of way next to his land, must have his land enclosed on its other sides with a lawful fence. The liability of appellant referred to is that defined in §5323, *supra;* that is, the duty to fence and the manner of the discharge of said duty, a duty conditioned upon the construction of a lawful fence on three sides of the lands of the landlord. It is found that soon after the completion of the road the then owner caused a right of way fence to be built along the west side of the right of way where the same abuts upon plaintiff's described lands. The duty under said section was thus discharged. It has been held in *Terre Haute, etc., R. Co.* v. *Erdel, supra,* and in *Terre Haute, etc., R. Co.* v. *Salmon* (1905), 34 Ind. App. 564, that for a failure to maintain a fence constructed

4. under the provisions of §§5323, 5324, *supra,* the landlord must proceed under §5325, *supra.* This has been done in the case at bar. If the fences between appellee and his neighbors were in want of repair, that fact would not relieve appellant from the statutory liability for its failure to discharge its duty. *Missouri Pac. R. Co.* v. *Youngstrom* (1891), 47 Kan. 349, 27 Pac. 982, is cited by appellant. That decision is founded upon a Kansas statute (Session Laws 1885, p. 256), being "an act to compel railroad companies to fence their roads by and through lands enclosed with a lawful fence." It contains no provisions equivalent to those of §5325, *supra.*

Judgment affirmed.