### FEDERAL LIFE INSURANCE COMPANY v. ARNOLD.

[No. 6,662.   Filed January 12, 1910.   Rehearing denied March 29, 1910.   Transfer denied June 3, 1910.]

1. INSURANCE. — Reinsurance. — Contracts. — Complaint. — A complaint against a reinsuring company upon a life policy need not set out the contract between the original company and the reinsuring company. p. 117.

2. INSURANCE.— Reinsurance.— Contracts.— Effect on Policy-holders.—A reinsuring company which takes over the risks and business of an Indiana company assumes the risks as they exist, and cannot limit or reduce the liabilities under the existing policies. p. 117.

3. INSURANCE.— Performance.— Avoidance.— Answer.— Where the complaint alleges generally the performance of all the conditions to be performed by plaintiff, the failure of assured to perform some condition in his policy, by the terms of which the insurance is avoided, must be set up in an answer. p. 117.

4. INSURANCE.—Assessment.—Complaint.—Answer.—Carrying Demurrer back to Complaint.—In an action upon a life policy, a demurrer to an answer alleging that the company was organized under the assessment plan and that it had no power to issue the policy sued upon should, if the answer be sufficient, be carried back and sustained to the complaint. p. 118.

5. INSURANCE.—Assessment. — Extended Insurance. — Powers of Companies.—Sections 4742, 4745 Burns 1908, Acts 1897, p. 318, §§4, 7, giving to assessment insurance companies the power to fix the fee rates, amounts of premiums, assessments, or period-

ical calls, and to accumulate a reserve fund for mortuary purposes, and other funds in excess of the amount required to be provided for the purposes of such corporation, authorize such companies to contract for extended insurance. pp. 118, 122.

6. INSURANCE.—*Premiums.*—*Risks.*—*Presumptions.*—The presumption is that in fixing its premiums an insurance company took into consideration the risks assumed. pp. 120, 125.

7. INSURANCE.—*Reinsurance.*—*Contracts.*—*Obligations upon Policyholders.*—A policy-holder in an insurance company, whose right to extended insurance is fixed, is not affected by a contract between his company and a reinsuring company by the terms of which all policies upon which premiums were not paid when due, or within thirty days thereafter, shall be null and void, and the premiums theretofore paid forfeited. p. 121.

8. INSURANCE.—*Reinsurance.*—*Imposing Conditions upon Policyholders.*—A reinsuring company has no right to impose new conditions upon a policy-holder whose rights under his policy were fixed before the reinsuring company took over the business and property of the original company. p. 121.

9. INSURANCE.— *Reinsurance.*— *Contracts.*— *Policies.*— *Complaint.*—A complaint expressly based upon an insurance policy cannot be considered as based upon a reinsuring contract between the original and the reinsuring company, merely because an excuse is made in the complaint for failing to set out such contract. p. 122.

From Pike Circuit Court; *E. A. Ely,* Judge.

Action by Agnes Arnold against the Federal Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. A. Atkinson, L. A. Whitcomb, J. W. Wilson* and *J. W. Brumfield,* for appellant.

*E. P. Richardson* and *A. H. Taylor,* for appellee.

RABB, P. J.—The Model Life Insurance Company was an Indiana corporation, organized under the act of March 9, 1897 (Acts 1897 p. 318, §§4739-4764 Burns 1908). The Federal Life Insurance Company is an Illinois corporation. On February 6, 1900, the Model Life Insurance Company issued a policy of insurance on the life of Alfred H. Arnold, naming appellee as the beneficiary therein. This policy was issued by said company in consideration of an annual premium of

$24.95, to be paid by the assured. The policy of insurance stipulated that upon the payment of five annual premiums the insurance contracted for should extend six years and two hundred forty-two days, provided that upon the payment of the fifth annual premium no indebtedness existed against the policy.

The assured paid five annual premiums to the company, the last of which was paid on February 5, 1904. On March 12, 1904, the Model Life Insurance Company and the Federal Life Insurance Company entered into a contract, by which the Federal Life Insurance Company took over to itself all the assets of the Model Life Insurance Company, and undertook to reinsure the policy-holders of the Model Life Insurance Company, in accordance with the provisions of the contract entered into between the two companies, subject to the ratification of the members, and thereupon issued to the policy-holders of the Model Life Insurance Company certificates purporting to evidence such contract of reinsurance, one of which certificates was issued to the assured, Alfred H. Arnold, and accepted by him.

The assured died after this contract was entered into, and before the lapse of the six years and two hundred forty-two days from the issuance of the policy of insurance on his life by the Model Life Insurance Company.

This action was brought against appellant upon the policy issued by the Model Life Insurance Company to the assured and the certificate issued by appellant to the policy-holder.

Appellant's demurrer to the complaint was overruled, and an answer in four paragraphs filed. Appellee's demurrer to the second, third and fourth paragraphs was sustained. There was a trial, resulting in a finding in favor of appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the finding in favor of appellee.

The grounds here urged for a reversal are all presented on the ruling made by the court upon appellant's demurrer to

the complaint, and appellee's demurrer to the several 1. paragraphs of answer. It is first urged that the complaint is insufficient, for the reason that it shows that the contract of reinsurance, upon which it is asserted appellant's liability is fixed, is in writing, and that neither the contract nor a copy thereof is made a part of the complaint. This point is decided adversely to appellant's contention by the supreme court in the case of *Federal Life Ins. Co.* v. *Kerr* (1909), 173 Ind. 613, in which the court holds, with reference to the identical contract of reinsurance here involved, that appellant's liability is fixed and measured by the policy issued by the Model Life Insurance Company, 2. whose assets it took over to itself, and whose risks it assumed to reinsure, and that it was not competent for the two companies, by contract between themselves, to minimize the insurance originally contracted for by the Model Life Insurance Company; that the statute authorizing a reinsurance by the original insuring company means a reinsurance of the identical risks contracted for in the original policy.

It is further insisted that the complaint fails affirmatively to show that a liability existed as measured by the terms of the policy issued by the Model Life Insurance Company, 3. pany, for the reason that the terms of this policy only created a liability beyond the period of the payment of the annual premiums, upon the express condition that no indebtedness existed against the policy, and that the complaint failed affirmatively to show that such condition existed. This point is not seriously pressed upon our consideration, and presumably is not much relied upon.

It is averred in the complaint that the assured and the plaintiff have duly performed all the conditions of the policy of insurance on their part to be performed. In the face of this averment, we think it devolved upon appellant to show by way of answer any fact that would defeat a recovery upon the policy.

The second paragraph of appellant's answer avers that the Model Life Insurance Company was organized under the act of March 9, 1897, and that it had no power to contract for extended insurance, because it was authorized to transact insurance business on the assessment plan. The question discussed under this assignment properly arises upon the demurrer to the complaint, as the complaint affirmatively shows that the Model Life Insurance Company was organized and doing business under the act in question, and the averment in the answer, that the company had no authority to issue the policy for extended insurance, is a mere conclusion of law. If the policy sued upon, showing as it does upon its face the statute under which the company issuing it was organized and doing business, was outside the authority of the Model Life Insurance Company to make, then no cause of action was stated in the complaint, and, if appellant is right in its contention upon this point, appellee's demurrer to this paragraph of answer should be carried back and sustained to the complaint.

It is insisted that, because the company was authorized to do business upon the assessment plan, therefore it was not authorized to contract for extended insurance. This contention is based on the theory that under the assessment plan of insurance no fund is provided for the payment of extended insurance, and the only assessment authorized to be collected from the insured members of the Model Life Insurance Company is the amount actually necessary to pay the death losses as they occur.

It is true that the first section of the act under which the Model Life Insurance Company was organized (Acts 1897 p. 318, §4739 Burns 1908) provides that five or more persons may associate themselves together for the purpose of transacting life and accident insurance upon the "assessment plan," for the purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money to the families of deceased members.

Section four of said act (§4742 Burns 1908) expressly authorized the managers of the company to "fix the fee rates and amounts of premiums, assessments or ·periodical calls, and the time and manner of payment thereof, and the risks to be assumed by such corporation  *  *  *  and the duration thereof."

Section seven of said act (§4745 Burns 1908), after providing for the accumulaton of a reserve 'fund for mortuary purposes, proceeds: "Nothing herein contained shall prevent the creation and accumulation of other funds in excess of the amount herein required to provide for the purposes of such corporation." There is nothing contained in the act expressly prohibiting companies organized under it from contracting for· extended insurance, as it is denominated, or from collecting fixed premiums at fixed periods, or limiting assessments to the actual amount required to meet the mortuary demands upon the company. On the other hand, the company is expressly authorized to fix the amount of premiums and the time of payment, and expressly authorized to determine the risks assumed and the duration thereof, and it is clearly authorized to accumulate funds beyond an amount sufficient to meet the mortuary demands upon the company. In the exercise of the power thus conferred by the statute, the Model Life Insurance Company fixed the premiums to be paid on the policy here sued on at $24.95, payable annually, and fixed the duration of the risk under the policy at six years and two hundred forty-two days, provided five of these annual premiums were paid as they came due. All of this was clearly within the express powers conferred by the law upon the corporation.

We are cited by appellant to the case of *Mutual Reserve Life Ins. Co.* v. *Roth* (1903), 122 Fed. 853, 59 C. C. A. 63, as supporting the contention that the Model Life Insurance Company had no power or authority to make the kind of contract sued on here. The cases are in nowise parallel. In the case cited, the right claimed by the beneficiary under the

policy sued on was for extended insurance beyond the terms
of the policy, not by virtue of the contract contained in the
policy, but by virtue of the statute of the State of Missouri,
providing that after two or more full annual premiums had
been paid on a life insurance policy, and default made in
the payment thereafter, the value of the policy should be
calculated upon the basis of a certain rule laid down by the
statute, and such value treated as a payment of premium on
the policy to extend its life such length of time as such value
would pay for. It was held that there could be no extended
insurance in that case, for the reason that under the terms
of the policy sued on, the policy-holder could not be assessed
or required to pay a fixed sum at stated periods upon which
any value of the policy could be based, but that the pay-
ments required of the policy-holder were limited to amounts
necessary to meet death losses as they arose from one period
to another, and could not be in excess of such mortuary
requirements; and that therefore the policy could have no
value after default in the payment of an assessment. In
this case the contract itself fixes the duration of the insur-
ance. It expressly provides for a fixed annual premium.

It is to be presumed that the company in fixing the
6. annual premiums to be paid by its policy-holders took
into consideration the risks it assumed, the duration
of those risks as fixed by the policy, and charged the assured
such sums as would enable it to meet its liabilities thereby
contracted. The assured paid these premiums, and the thing
he got for his money was the insurance provided for in the
policy, and these premiums thus collected by the insurance
company, it held in trust for the insured, to be applied to
carrying out its contract under its policy.

No error intervened in sustaining appellee's demurrer to
the second paragraph of appellant's answer.

The third paragraph of appellant's answer set up a stipu-
lation in the contract of insurance entered into between the

two companies, by the terms of which it was provided 7. that any policy of the Model Life Insurance Company, reinsured by the Federal Life Insurance Company, on which premiums were not paid when due, or within thirty days thereafter, should become *ipso facto* null and void, and all premiums and assessments theretofore paid, forfeited to appellant.

The rights of the assured, Alfred H. Arnold, to insurance for six years and two hundred and forty-two days, under and by virtue of the policy issued to him by the Model Life Insurance Company, had, when this contract of reinsurance was entered into between the two companies, become fixed, and the Model Life Insurance Company had the funds presumably in its hands to meet its liability under this contract. These funds the Federal Life Insurance Company took into its possession under the contract of reinsurance, and while holding these funds it will not be heard to say that it is not liable to answer the demand the fund was created to meet, and any inconsistency between the terms of its contract with the Model Life Insurance Company and the contract of the Model Life Insurance Company under the policy with the assured is not binding upon the assured. *Federal Life Ins. Co.* v. *Kerr, supra.*

The fourth paragraph avers that under article fifteen of the reinsurance contract, it was authorized to and did charge against the policy of Alfred H. Arnold the sum of 8. $68.19, as a lien for a reserve, and that said lien has not been paid; hence an indebtedness existed, chargeable against the policy, that voided its terms. This provision of the reinsurance contract is in antagonism with the rights of the assured as they existed against the Model Life Insurance Company under the policy, and is void as to the policyholder, as held in the case of *Federal Life Ins. Co.* v. *Kerr, supra.* Appellee's demurrer to the third and fourth paragraphs was therefore properly sustained.

Other questions are discussed that arise under appellant's motion for a new trial, but all of them are disposed of in the decision of the court upon the demurrer to the complaint, and the several paragraphs of answer.

There is no reversible error presented by the record. Judgment of the court below affirmed.


## On Petition for Rehearing.

Rabb, J.—Appellant in its petition for a rehearing insists that appellee, in her complaint, planted her case on the contract of reinsurance entered into between appellant and the Model Life Insurance Company, because an excuse for failure to make said contract or a copy thereof a part of the pleadings is alleged in the complaint. These allegations of the complaint are not of controlling importance. They do not give character to the cause of action. The action is expressly based upon the policy issued by the Model Life Insurance Company to the assured, and the certificate of reinsurance issued by appellant, and in no essential respect is there any difference between the complaint under consideration and that in the case of *Federal Life Ins. Co.* v. *Kerr* (1909), 173 Ind. 613, so far as it relates to the contract of reinsurance entered into between the two companies; and what is said by the court in deciding that case, in reference to the liability of appellant company, under its reinsurance contract, is equally pertinent here.

Appellant also insists that, in deciding the question of the power of the Model Life Insurance Company to contract for extended insurance, the court overlooked the important and controlling provisions of the statute under which the Model Life Insurance Company was organized. The provisions of the statute to which our attention is directed is this clause from section four of the Act of 1897 (Acts 1897 p. 318, §4742 Burns 1908), "and may change the same from time to time as the experience of the corporation,

association or society may require,'' in addition to the quotation given in the original opinion. Section four reads as follows: ''The trustees, directors or managers * * * shall fix the * * * amounts of premiums, assessments or periodical calls, and the time and manner of the payment thereof, and the risks to be assumed by such corporation, * * * and the duration thereof, and may change the same from time to time as the experience of the corporation * * * may require.'' Section six of the same act (§4744 Burns 1908) reads as follows: ''Any incorporation, association or society organized to insure lives, which provides for the payment of policy claims, or the accumulation of reserve or emergency funds, and the expenses of the management and prosecution of the business by payments to be made either at periods named in the contract or upon assessment as required, by persons holding similar contracts, and wherein the insured's liability to contribute to the payment of policy claims accrued or to accrue is not limited to a fixed sum, shall be deemed to be engaged in the business of life insurance upon the assessment plan.'' And it is insisted that giving to these provisions of the law the weight they are entitled to receive, it becomes clear that a life insurance company doing business on the assessment plan, as defined in §4744, supra, is prohibited from contracting for the periodical payment of a fixed premium or assessment by the assured, and that inasmuch as the company cannot so contract, therefore there can be no basis for the valuation of the policy or fund provided for the payment of mortuary claims under such contract.

If appellant was correct in its contention that under this law the Model Life Insurance Company had no power to fix the premiums or assessments on its policies at such sum as would produce funds out of which the mortuary demands upon it, arising out of this feature of the contract could be paid, there might be some force in its contention, but these provisions of the law, to which our attention has been espe-

cially directed, do not admit of the construction appellant seeks to give to them. No words can be found in these provisions that prohibit, as appellants contend, the board of directors of the company, organized under the act, from making any kind of a life insurance contract they choose, so far as concerns the premiums to be paid by the assured, upon the policies they may issue. The language used does not purport and was not intended to place limitations on the powers of the board, and the fact that power is conferred upon it to change, in its discretion, the rate of premium, or levy assessments additional to those provided for in the contract, cannot be tortured into a limitation on its power to contract for a fixed premium. These provisions of the law relate to the liability of the assured, not to the powers of the board. They extend the liability of the assured; they do not restrict, or undertake to restrict, the power of the company. Extension of the liability of the assured is one thing, and limitations upon the power of the board of control of the company is another and entirely different thing.

Clearly, under this law, the board of control of the company has full power to fix the amount of premiums to be paid on its policies, and to require these premiums to be paid at certain fixed periods, precisely the same as may be done by any old line company, and the premiums and the periods of payment so fixed, so far as any right of the assured is concerned, are irrevocably fixed. Assured cannot insist on any change. The company can compel the payment as it has fixed it, or forfeit the policy, and the premium may be fixed at such sum as will create a fund not only sufficient to meet all mortuary claims that may arise under the contract of insurance as it has made it, but create an unlimited reserve beside. As shown in the original opinion, the law clearly contemplates the creation of such a reserve, and clearly contemplates the power of the board to raise such a fund as will give to its policies a withdrawal value.

There are many assessment plans of doing life insurance

business. Under some plans, assessments can only be made on policy-holders to meet mortuary claims as they shall arise, and such companies possess no power to require the payment of assessments or premiums beyond a sum sufficient to meet such requirements. They possess no power to provide for the payment of given premiums at stated periods, regardless of the current mortuary claims against the company. Companies doing business under this plan, of course, cannot contract for extended insurance, because no fund can be created to meet such contract; but that is not the case here. This company was doing business under a different plan. It possessed the power, under the law, to fix a premium that would create a fund to pay for extended insurance, and it is the lack of this power on the part of an insurance company, whether it does business on the assessment plan or any other plan, that precludes it from contracting for extended insurance, as is well illustrated in the case of *Mutual Reserve Life Ins. Co.* v. *Roth* (1903), 122 Fed. 853, 59 C. C. A. 63.

As stated in the original opinion, it is to be presumed that this company, having the power to fix its premiums at whatsoever it chooses, fixed the premium on all its policies at such a sum as would meet all mortuary demands that could arise under the contract it made with the policy-holder, and to hold that the company, vested with such power, having entered into this contract and having received the full consideration it contracted to receive, should be permitted to avoid the contract now, after its full execution on the assured's part, would do violence to every principle of justice, and to the reason and philosophy of the law.

Appellant's petition for rehearing overrruled.