## SELVAGE ET AL. v. GREEN ET AL.

[No. 6,785.  Filed April 1, 1910.]

1.  PARTITION.—*Report of Commissioners.*—*Exceptions.*—Exceptions to the report of commissioners in partition must show that the exceptors were injured by the action of such commissioners, or that the tracts set off to them were not of equal value with the others.  p. 644.

2.  PARTITION.—*Report of Commissioners.*—*Verified Exceptions.*— *Evidence.*—*Conduct of Commissioners.*—Verified exceptions to the report of commissioners in partition stating that the commissioners consulted with the other parties, but not with the exceptors, and that they failed to value each tract separately, are not sufficient evidence to invalidate the partition made, since there is no showing that the shares of the exceptors were less valuable than those given to the other parties.  p. 644.

From Starke Circuit Court; *William A. Foster,* Special Judge.

Suit by Jennie Green and another against Nellie Selvage and others.  From a decree for plaintiffs, defendants appeal.  *Affirmed.*

*H. Miller* and *H. F. Steis,* for appellants.

*Burson & Burson,* for appellees.

HADLEY, J.—This was a suit brought by appellees against appellants for partition. Partition was ordered, and the commissioners made report, setting off to each of the parties to said suit certain lots and tracts of land representing their interest in the real estate involved. There was no controversy as to the amount of the interest of each. To this report, appellants Nellie Selvage and Jessie Selvage filed objections and exceptions, which were as follows: (1) That said report shows upon its face that said commissioners were biased and prejudiced against defendants herein in the following, to wit, that they gave all that portion of said estate lying in the village of English Lake to plaintiffs and all the river frontage on either side of the Kankakee river to plaintiffs; (2) that said commissioners consulted and talked with plaintiffs, and learned from them their likes and dislikes, but refused to consult said Nellie Selvage or to hear her in said cause; (3) that said commissioners failed properly to appraise the value of the several tracts of land in said estate, and that they simply found the value of the entire estate and then lumped the different tracts to said Nellie Selvage and Jessie Selvage, without regard to the value thereof; (4) that said report is not according to law, as there is no appraisement of the different tracts of land separately and severally made, whereas the statute contemplates that the value of the different tracts or parcels should be so set out that the parties in interest may know upon what to have objections and exceptions; (5) that the report of said commissioners is not sufficient to enable the parties or the court to determine as to the fairness and correctness of the same, such as is contemplated by the statute of the State of Indiana.''

These exceptions were overruled by the court, and a decree was entered approving and confirming the report of said commissioners. Said appellants excepted to the ruling of the court on their objections, and assigned said ruling as error.

It will be observed that none of said exceptions in any way averred or showed that said objectors were in any way injured by the action of said commissioners, or that

1. the tract set off to said Nellie Selvage did not correctly represent her proportionate share in value of said real estate.

It is shown by the record that said objections duly verified were the only evidence introduced on the hearing of the case. This proved nothing. The fact that the commis-

2. sioners gave certain lands to some of the parties, or talked and consulted with appellees, and did not appraise each tract separately, would not necessarily vitiate the partition, if, as a matter of fact, the other parties were not injured thereby. All presumptions are indulged in favor of the correctness and justice of the ruling of the lower court, and substantial injury should be shown to this court to warrant a reversal. The record does not disclose any such condition.

Judgment affirmed.