State Life Insurance Company *v.* Nelson et al.

[No. 6,986. Filed June 8, 1910.]

1. Corporations.—*Executed Ultra Vires Contracts.*—*Public Policy.* —Where a corporation enters into an *ultra vires* contract that is not in contravention of a statute nor against public policy, it cannot, ordinarily, after the other party has performed his part, set up its want of power. p. 138.

2. Corporations.—*Ultra Vires Contracts.*—*Rescission.*—In a suit against a corporation for a rescission of a contract that does not contravene a statute, and is not against public policy, such corporation cannot, after the performance of the contract by the plaintiff, set up its want of power to execute such contract. p. 139.

3. Money Received.—*Corporations.* — *Ultra Vires Contracts.* — Money received by a corporation under an *ultra vires* contract may be recovered in an action for money received. p. 139.

4. EQUITY.—*Written Contracts.—Rescission.*—In a suit to rescind a written contract, the court will consider the entire transaction, including the written contract itself.   p. 139.

5. CONTRACTS.—*Rescission.—Return of Consideration.*—The plaintiff in a suit to rescind a contract must ordinarily return 'the consideration received.   p. 139.

6. CONTRACTS.— *Rescission.— Return of Consideration.— Corporations.*—A plaintiff who contracted for a life insurance policy, receiving in addition thereto four shares of stock in a corporation, and who received from the receiver of such corporation $50 for his claim for such stock, cannot rescind the contract for insurance, because of alleged misrepresentations, without restoring, or offering to restore, such $50.   p. 140.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Suit by James B. Nelson and another against the State Life Insurance Company. From a decree for plaintiffs, defendant appeals. *Reversed.*

*Charles F. Coffin, H. S. McMichael* and *B. F. Corwin,* for appellant.

*Oliver H. Carson,* for appellees.

ROBY, J.—This is a suit to rescind a contract, for fraud.

Appellee James B. Nelson purchased a policy of insurance in the State Life Insurance Company, and certain stock in the State Agency Company, for which he paid $190.46.   Material misrepresentations of fact relative to the stock are averred, together with other facts necessary to rescission. The trial resulted in a finding and judgment for plaintiff James B. Nelson.

The errors relied upon are raised by the overruling of the demurrer to the complaint and of the motion for a new trial.

It is argued that appellant had no power to sell stock in another corporation, and that the contract to do so was *ultra vires.*   If this were an action to enforce the contract as made, the point would have more relevancy.  Where a corporation enters into a contract which is beyond its power, but not in contravention of a statute or against public policy, it cannot, as a general rule, after such con-

tract has been performed by the other party, set up its own lack of power. *Breinig* v. *Sparrow* (1907), 39 Ind. App. 455.

It most certainly cannot, as a defense to a suit brought by the other party to rescind, set up its own lack of power to make a contract not in contravention of a statute nor

2. against public policy. *Manchester, etc., Railroad* v. *Concord Railroad* (1889), 66 N. H. 100, 20 Atl. 383, 9 L. R. A. 689, 49 Am. St. 582.

Indeed, a corporation which receives money under an *ultra vires* contract which it refuses to carry out, may

3. be sued for money had and received. *Morville* v. *American Tract Soc.* (1877), 123 Mass. 129, 25 Am. Rep. 40; Clark & Marshall, Priv. Corp. §215.

It is insisted that the relation between the agency company and appellant must be determined solely by the terms of a written contract between them. This is a suit in

4. equity. "Equity always attempts to get at the substance of things, and to ascertain, uphold, and enforce rights and duties which spring from the real relations of parties. 1 Pomeroy, Eq. Jurisp. (2d ed.) §378. The relation between the two corporations was very much closer than appellant is now willing to admit. *Wabash R. Co.* v. *Kelley* (1899), 153 Ind. 119.

The agency company was evidently a device intended to increase the business of the insurance company, and that it did not prove as efficient as was anticipated does not change the fact. It is not necessary to review the evidence on this subject. The trial judge correctly estimated it.

The defect in appellee James B. Nelson's case arises from the rule that one who seeks to rescind a contract on the ground of fraud must return or offer to return to the

5. other party whatever of value he has received under the contract. The rule is elemental, and the facts do not bring this case within any of the exceptions.

Said appellee was solicited by two of appellant's agents,

who made various representations to him, and pro-
6. posed to sell the policy and two shares of stock for the
sum subsequently paid.

Said appellee testified that he told them that he did not
want any more insurance, yet under the terms mentioned was
willing to take insurance to the amount of $5,000 "if he
[the agent] would give me four shares of stock in place of
the two, as they said they would do. He threw up his
hands and said: 'We cannot do that. * * * We would
be robbing the company.' * * * He said if he should do
anything like that, he would lose his position. * * * I
said: * * * 'My mind is made up, and unless you can
see your way clear to give me four shares of stock with this
policy, I do not want it.' * * * Next morning Buis
and Kendall came to my office. Kendall said: 'Mr. Nel-
son, we have been trying to 'figure out a plan whereby we can
meet your terms, and while it would be impossible to give
you four shares of stock, there is nothing to prevent us from
making a contract with you to assist Mr. Buis in writing
insurance here, and I think we can make an agreement of
that kind.' I. said: 'That depends on what you mean. If
you mean that I am to go out on the street and solicit insur-
ance, I won't do it.' He said he did not mean that. If Mr.
Buis brought in a man to me, I was to recommend and ad-
vise him to buy a policy. I said that would be all right, that
I would do that. I would tell him I had investigated the
matter, having bought one myself, and for him to use his
own judgment. He said that was satisfactory. I told him
it was all right with me, and they drew up their contract
and gave me a receipt for $190.45 and for $80."

This summary of appellee James B. Nelson's own evidence
is not controverted. An application for two shares of stock
was prepared by the solicitors and signed by said appellee,
in which the consideration was stated as "services to be ren-
dered." Subsequently, when the State Agency Company
was in the hands of a receiver, said appellee filed a claim

against it for $80 on account of these shares, and was paid
$50 thereon.  He now seeks to recover the $190.45.  If this
is accomplished, he would, by the remedy of rescission, be
enabled to net a good profit.  Said appellee is not in a posi-
tion to insist upon the form of the transaction to the exclu-
sion of its substance.  He has sought a court of equity, and
must, therefore, do equity.  The giving of a receipt and the
making of an application for two shares of stock was admit-
tedly a subterfuge by which to meet his proposition.  That
proposition was $190.45 for the policy and four shares.  The
subterfuge was patent and avowed.  If said appellee re-
scinds, he must return what he received.  Not having done
so, the judgment should have been against him.  He has
failed to .take steps necessary to rescission.  *Adam, Mel-
drum, etc., Co.* v. *Stewart* (1902), 157 Ind. 678, 87 Am. St.
240.

   This consideration disposes of the case, and other ques-
tions are, therefore, not considered.

   Judgment reversed and cause remanded, with instructions
to sustain the motion for a new trial.