## SEAMLESS PRESSED STEEL AND MANUFACTURING COMPANY *v.* MONROE.

[No. 8,411. Filed October 30, 1914.]

1. PLEADING.—*Complaint.*—*Sufficiency.*—*Exhibits.*—A complaint to recover on a contract entered into with a manufacturing corporation to procure for it a suitable factory location and franchise for an electric light and power plant, was not insufficient because the copy of such contract filed as an exhibit did not also show the contract and proposal between defendant and a certain commercial club, which, though mentioned in the contract with plaintiff, formed no part of plaintiff's contract. p. 139.

2. PLEADING.—*Complaint.*—*Sufficiency.*—A complaint on contract against a corporation is not insufficient on the ground that the contract sued on is *ultra vires*, where such objection does not appear on the face of the complaint or the exhibit filed therewith. p. 140.

3. CORPORATIONS.—*Contracts.*—*Ultra Vires Contracts.*—In determining whether the contract of a corporation is *ultra vires*, the

court must look to the articles of incorporation and to the law of the State under which the corporation was created. p. 141.

4. CORPORATIONS.—*Powers.—Limitation of Power.*—A corporation has no greater authority or power than that granted by the sovereign power of the State, and while it may not exceed such power, it may on the other hand by its articles of incorporation so limit its purpose and scope as to deprive itself of the full measure of right and power given to it by statute. p. 141.

5. CORPORATIONS.—*Foreign Corporations. — Powers. — Contracts.*— Where the statute under which a foreign corporation was created expressly authorized the acquisition of real estate and personal property and the transaction of business by such corporation in other states, and there were no express restrictions on its power to contract in its articles of incorporation, its contract for the procurement of a factory site and franchise in this State was not *ultra vires.* p. 141.

6. CORPORATIONS. — *Foreign Corporations. — Power to Contract.— Articles of Incorporation.*—Articles of incorporation of a foreign corporation designating its location and place of business in the state where it was incorporated and defining its purpose as that of manufacturing gas and electricity to be used by it in manufacturing and selling at wholesale and retail articles of pressed steel and other materials to the business world, and to be used in procuring, furnishing and selling gas and electric power, etc., to the community of its designated place of business, were not expressly restrictive of the corporation's power to purchase real estate for an electric light or power plant in this State, or to procure a franchise for such plant. p. 142.

7. CORPORATIONS.—*Contracts.—Ultra Vires Contracts.*—The courts look with disfavor on the defense of *ultra vires* interposed by a corporation to avoid an obligation otherwise legal and equitable; hence where a foreign corporation contracted with plaintiff to procure for it a factory site and franchise in this State, and accepted and retained the fruit of plaintiff's labor, it could not avoid payment for plaintiff's services on the ground that the contract was *ultra vires,* in the absence of any express restrictions on its power to contract, or of any conditions of public policy requiring the court to look with favor on such defense. p. 143.

From Jay Circuit Court; *James J. Moran,* Judge.

Action by Gilbert K. Monroe against the Seamless Pressed Steel and Manufacturing Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John M. Smith* and *Roscoe D. Wheat,* for appellant.

*Barnes & Mills, Frank B. Jaqua* and *Richard L. Ewbank,* for appellee.

Hottel, J.—The second paragraph of complaint on which this case was tried, hereinafter referred to as the complaint, is as follows: "* * * plaintiff complains of the defendant and says that the defendant is a corporation organized under the laws of the state of Ohio. That on the 11th day of November, 1909, plaintiff and defendant entered into a written contract whereby, among other things, the defendant employed plaintiff to devote his time and service in securing a factory location together with a franchise for electric light and power plant, at and for the consideration therein stated of four thousand dollars, payable in cash upon the delivery and acceptance by said defendant of said franchise, a copy of which said written contract is filed herewith, made a part hereof and marked exhibit 'A'. That after the execution of said written contract as aforesaid plaintiff did devote his time and service in securing a factory location together with a franchise for electric light and power plant, all as provided for in said written contract, and did secure location and franchise, which was received and accepted by said defendant. That said defendant has wholly failed and refused to pay to plaintiff said sum of four thousand dollars for his services, as in said contract provided. Wherefore," etc. That part of the exhibit important in the determination of the questions herein considered, provides as follows: "The party of the first part (appellant) does hereby and by this instrument appoint, name and constitute party of the second part (appellee) as its exclusive financial agent or representative for the sale of $50,000 worth of its issue of 5 per cent preferred stock, said agency hereby created being by the parties hereto partially based upon the third paragraph of the proposal of the party of the first part to the citizens and Commercial Club of Redkey, Indiana, which proposal was duly accepted by said citizens and Commercial Club of Redkey, Indiana, wherein the said citizens

and Commercial Club aforesaid pledged their exclusive co-operation in marketing the sum of $60,000 worth of the preferred stock in the company of the party of the first part to this contract, for a period of one year from the date hereof, and further empowers party of second part to seek and secure a location for a factory and electric light and power plant for first party at such point as may be mutually satisfactory to each party hereto. In consideration of second party devoting his time and services for securing said factory location together with a franchise for electric light and power plant, first party agrees to pay second party the sum of $4,000 whenever said franchise is delivered and accepted by first party. Payment of said money for such specific service rendered to be made in cash. In consideration of second party disposing of the preferred stock of first party, he shall be paid a commission of 10 per cent for such services. Said commission to be reckoned on the value of stock disposed of and payable immediately after sales are closed.''

A demurrer to this complaint was overruled. Appellant then filed an affirmative answer in two paragraphs and a counterclaim. A demurrer to each of these pleadings was sustained and the cause put at issue by general denial, and an agreement entered of record that all defenses might be made under such denial. There was a trial by the court and a finding for appellee in the sum of $4,550. A motion for new trial was overruled, and judgment rendered for appellee on the finding. The assigned errors on which appellant relies for reversal are the rulings on the demurrer to the complaint and on the motion for new trial.

If a strict construction of the rules governing appellate procedure were applied to appellant's briefs, it is doubtful whether they present any question for our consideration, but we have given appellant the benefit of this doubt and considered those questions which such briefs indicate

1. were intended to be presented. It is first insisted that the complaint is insufficient because (we quote from

appellant's brief), "the proposal and contract with the Commercial Club of Redkey, is a part of the contract sued on and is not set out or referred to in the second paragraph of complaint or made an exhibit thereof." Appellant's accepted proposal to the citizens and Commercial Club of Redkey was no part of the contract between it and appellee on which this action was based. "When a written instrument is not the basis of the action or defense, but is only referred to as one among other facts material to the pleading, a copy or exhibit need not be filed with or made a part of the pleading." *Vandalia R. Co.* v. *Fetters* (1907), 40 Ind. App. 615, 617, 82 N. E. 978. See, also, *Bird* v. *St. John's Episcopal Church* (1900), 154 Ind. 138, 152, 56 N. E. 129; *Phoenix Ins. Co. v. Stork* (1889), 120 Ind. 444, 448, 22 N. E. 413; *Federal Life Ins. Co.* v. *Arnold* (1910), 46 Ind. App. 114, 117, 90 N. E. 493, 91 N. E. 357.

It is next insisted by appellant that its charter, at the time the contract was entered into, limited its operations to Quincy, Ohio, and did not permit it to do business 2. in a foreign state, and that appellee knowing such fact could not enter into a contract that would be binding on the appellant corporation to locate it in another state and receive pay for doing an unauthorized act, or in other words, that appellee's contract with appellant is *ultra vires*. If this contention of appellant is intended as an objection to the complaint (a thing we are unable to determine from its brief), the answer is, that none of the facts set out in the objection appear on the face of the complaint or the exhibit filed therewith. There is nothing appearing from either the complaint or the exhibit that even tends to show any limitation or restriction on appellant's authority to contract, or that tends to show that, in making with appellee the contract sued on, it exceeded either the authority given by its articles of incorporation, or by the law under which such corporation was created.

We assume that the other points stated by appellant in

its brief, and possibly the one last above considered, are intended to be addressed or applied to those grounds of its motion for a new trial which assert that the decision of the trial court is not sustained by sufficient evidence, and is contrary to law. In this connection it is contended by appellant that "a corporation has only the power that the corporation charter confers by express grant or by implication;" that the "contract sued on was *ultra vires* the corporation. There was no consideration for the contract. The contract was fraudulent in its inception and, under the agreement that all defenses were admitted under the general issue, there could be no recovery for a breach of the contract."

The evidence clearly shows a consideration for the contract, and there was no evidence of fraud in its procurement. In determining whether the contract was *ultra vires* we must look both to the articles of incorporation and to the law of the state under which such corporation was created. A corporation is limited in its authority and power to such rights as are granted and given it by the sovereign power of the state which creates or makes possible its existence, *Supreme Lodge, etc.* v. *Knight* (1889), 117 Ind. 489, 495, 20 N. E. 479, 3 L. R. A. 409, and any attempt on the part of a corporation, by its articles of incorporation, to confer a right not given by such sovereign power is *ultra vires* and hence of no effect. It does not follow, however, that because a corporation may not exceed the authority given it by the law that it may not limit or restrict itself in the exercise of such authority. On the contrary a corporation may by its articles of incorporation so limit its purpose and scope as to deprive itself of the exercise of a part of the rights and powers given by such statute. In the instant case the statute of Ohio, under which appellant was incorporated, was introduced in evidence and we find nothing in such statute that attempts to re-

strict the operations of such corporation to the state
6.  of Ohio.  On the contrary, such statute by its express
terms authorized the acquisition of real and per-
sonal property and the transaction of business by such cor-
poration in other states.  Appellant contends, however, in
effect, that by certain provisions of its articles of incorpora-
tion appellant restricted and limited itself to an exercise of
a part only of the rights which the law gave it, and that the
scope of such articles is not broad enough to permit it to
acquire real estate and franchises out of the state.  The
provisions of the articles of incorporation on which appel-
lant bases such contention are as follows:  "Second:  Said
corporation is to be located at Quincy, Ohio, and its prin-
cipal business is to be transacted at Quincy, Ohio.  Third:
Said corporation is formed for the purpose of procuring and
manufacturing gas and electricity to be used by it in manu-
facturing and selling at wholesale and retail, articles of
pressed steel and other materials to the business of the world,
and to be used in procuring, furnishing and selling gas and
electrical power, heat and light by it to the municipality and
commercial trade and residents of Quincy, Ohio, including
power, heat, and light, if possible to contract therefor, for
railways to be operated by electricity, constructed now or
hereafter, in or through said Quincy, Ohio, and vicinity."
In the language quoted we find no words which expressly
restrict or limit the power or authority of said corporation,
either in the matter of the purchase of real estate for an
electric light or power plant, or in the matter of securing
a franchise for such a plant; but, whether such language
is sufficient to evidence an implied limitation of the authori-
ty of such corporation in said respect, might present a
question not entirely free from doubt.  This question, how-
ever, we need not and do not decide.

The courts do not look with favor on the defense of *ultra
vires* when interposed by the corporation to avoid an obliga-

tion otherwise legal and equitable. "It does so only
7. where the most persuasive considerations of public
policy are involved." *Wright* v. *Hughes* (1889), 119
Ind. 324, 332, 21 N. E. 907, 12 Am. St. 412. See, also, *Flint,
etc., Mfg. Co.* v. *Kerr-Murray Mfg. Co.* (1900), 24 Ind. App.
350, 357, 56 N. E. 858; *State Board, etc.* v. *Citizens St. R. Co.*
(1874), 47 Ind. 407, 17 Am. Rep. 702; *Wittmer Lumber Co.*
v. *Rice* (1900), 23 Ind. App. 586, 55 N. E. 868. In discuss-
ing this subject the Supreme Court, in the case of *Wright*
v. *Hughes, supra,* 330, said: "It would be carrying that doc-
trine to an unwarranted extent, however, to hold that a cor-
poration might obtain the money of another, and, with the
fruits of the contract in its treasury, interpose the defense
of *ultra vires* * * * . Like natural persons, corpora-
tions must be held to the observance of the recognized prin-
ciples of common honesty and good faith, and these prin-
ciples render the doctrine of *ultra vires* unavailing when
its application would accomplish an unjust end, or result
in the perpetration of a legal fraud. After a corporation
has received the fruits which grow out of the performance
of an act *ultra vires,* and the mischief has all been accom-
plished, it comes with an ill grace then to assert its want
of power to do the act or make the contract, in order to
escape the performance of an obligation it has assumed.
* * * If, however, it were conceded that the borrowing
of the money was a transaction beyond the chartered power
of the corporation, the authorities fully justify the conclu-
sion that it would not be heard to assert the invalidity of
the transaction while it retained its fruits. The rule is now
too thoroughly established to be longer open to question, that
where a contract has been executed and fully performed on
the part of the corporation, or of the party with whom it
contracted, neither will be permitted to insist that the con-
tract was not within the power of the corporation." In the
case of *Flint, etc., Mfg. Co.* v. *Kerr-Murray Mfg. Co., supra,*

356, 357, this court said: "where the making of the contract is merely beyond the power of the corporation, but it has, by its promise, induced the other party to perform his part of the contract, so that upon failure of the corporation to perform on its part the parties will not be left in their previous situation, and the corporation has received benefit from the performance of the other party, the corporation will be held liable upon the contract." See, also, *State Board, etc.* v. *Citizens St. R. Co., supra; Louisville, etc., R. Co.* v. *Flanagan* (1888), 113 Ind. 488, 493, 14 N. E. 370, 3 Am. St. 674; *Bedford, etc., R. Co.* v. *McDonald* (1897), 17 Ind. App. 492, 497, 40 N. E. 1022, 60 Am. St. 172; *Breinig* v. *Sparrow* (1907), 39 Ind. App. 455, 462, 80 N. E. 37; *State Life Ins. Co.* v. *Nelson* (1910), 46 Ind. App. 137, 138, 92 N. E. 2; *City of Valparaiso* v. *Valparaiso City Water Co.* (1903), 30 Ind. App. 316, 320, 327, 65 N. E. 1063.

In the case under consideration the evidence shows or strongly tends to show that the officers of the corporation who were instrumental in the employment of appellant, and who, as such officers, signed the contract in suit were among the principal stockholders of such corporation; that such corporation received and yet retains in whole or in part the factory site purchased through appellant, and the full benefit of all the services performed by him under such contract. Nothing appears from this evidence that can be said to in any manner indicate any condition of public policy which would require the court to look with favor on appellant's said defense. Other reasons are suggested by appellee why the judgment below should be affirmed, which we deem it unnecessary to consider, because we think those already indicated together with the Indiana authorities cited in support thereof are sufficient to show that the errors relied on and presented by appellant's briefs do not warrant a reversal of such judgment.

The judgment below is therefore affirmed.

Lake Erie, etc., R. Co. *v.* Chriss—57 Ind. App. 145.

NOTE.—Reported in 106 N. E. 538. As to *ultra vires* contracts entered into by corporations, see 13 Am. Dec. 108; 70 Am. St. 156; 35 L. Ed. U. S. 55. As to estoppel of a corporation to set up plea of *ultra vires*, see 20 L. R. A. 765. See, also, under (1) 9 Cyc. 714; (2) 10 Cyc. 1155; (3) 10 Cyc. 1146; (4) 10 Cyc. 1096; (5) 19 Cyc. 1240; (6) 19 Cyc. 1244; (7) 19 Cyc. 1218.