ELKHART COUNTY NATIONAL BANK FARM LOAN
ASSOCIATION *v*. HEILMAN.

[No. 14,921.  Filed June 18, 1935.  Rehearing denied October
18, 1935.  Transfer denied December 18, 1935.]

*Verne G. Cawley* and *Roger D. Branigin,* for appellant.

*Paymer & Paymer* and *Carlton T. Olds,* for appellee.

DUDINE, C. J.—This is an action instituted by appellee against appellant to recover for a loan of money by appellee to appellant.

The complaint was in two paragraphs, the first being in the usual form of complaint on a promissory note, and the second proceeding upon the theory of money had and received.

Appellant filed several paragraphs of answer, including a general denial as to each paragraph of complaint, and a paragraph of answer alleging that appellant cor-

poration did not have power to execute the note, and that its execution of said note was *ultra vires*.

Appellee filed three paragraphs of reply including a general denial as to the affirmative paragraphs of answer.

The cause was submitted to the court for trial without a jury and the court found for the plaintiff on the first paragraph of complaint, and rendered judgment accordingly. The court made no finding as to the second paragraph of complaint.

Appellant corporation duly filed a motion for new trial, assigning as causes therefor that the decision of the court was not sustained by sufficient evidence, and that the decision was contrary to law. This appeal is based upon the overruling of said motion.

The evidence indisputably shows that the loan was made, that the money went into the general fund of appellant, and that appellant has not accounted to appellee therefor.

Appellant contends that it did not have power to execute the notes sued on, inasmuch as such power was not included in the powers expressly given it by the charter and the Federal Farm Loan Act (12 U. S. C. A., Sec. 761, 39 Stat. 369), and inasmuch as such power was not impliedly granted as being reasonably incident to and necessary to the carrying out of the powers expressly granted; that the execution of the note in suit was an *ultra vires* act.

Appellee contends the mere fact that the execution of the note by appellant was an *ultra vires* act, does not prevent him from recovering on the note. Appellee cites several Indiana authorities in support of said contention, including *Wright* v. *Hughes* (1889), 119 Ind. 324, 21 N. E. 907, and *Seamless Pressed Steel Corp.* v. *Monroe* (1914), 57 Ind. App. 136,

106 N. E. 538. Both of said cases are directly in point and sustain appellee's said contention.

Appellant's counsel admit "that such is the law as laid down by numerous decisions of this and the Indiana Supreme Court, and that if appellant were a corporation organized under the laws of this state, or even of any other state, and doing business in this state, the decisions referred to . . . would control the decision of this case," but ". . . appellant most earnestly contends that they (said decisions of this and the Indiana Supreme Court) have nothing whatsoever to do with the question to be determined here because of the fact that it (appellant) is a federal or national corporation, and that being a corporation organized under an act of Congress, the law applicable to the question in issue must be that stated or laid down by the federal courts, and not by the courts of this state."

Under the "Federal court rule" recovery can *not* be had on an *ultra vires* contract although the contract has been fully performed on one side, and the benefits received by the other party. See Fletcher Cyc. Corp., Sec. 3468, and numerous authorities there cited. This rule is not followed, however, in most of the state courts. A majority of the courts which have passed upon this question have repudiated the federal rule.

The rule prevailing in the state courts may be stated as follows: "In most of the states, recovery is permitted on an *ultra vires* contract on behalf of the party which has fully performed, provided the other party has received the benefits of the contract." Fletcher Cyc. Corp., Sec. 3473. See long list of authorities cited by the author.

Appellant cites Sec. 3483, Fletcher, *supra,* in support of his contention that, it being a federal corporation, the federal rule must be followed. That authority does say that it has been so held, and cites *Greene* v. *First*

*Natl. Bank of Thief River Falls* (1927), 172 Minn. 310, 215 N. W. 213; *First Natl. Bank* v. *Amer. Natl. Bk.* (1903), 173 Mo. 153, 72 S. W. 1059; *Fidelity and Deposit Co. of Maryland* v. *National Bank of Commerce of Dallas* (1907), 48 Tex. Civ. App. 301, 106 S. W. 782. Each of said cases involved an alleged *ultra vires* act of a national bank, and the court in each case said the federal rule as to the effect of an *ultra vires* act of the bank should be followed, and followed it.

We have not found any case wherein the rule of our Supreme Court of Indiana, as to the right of recovery on *ultra vires* contracts, by a party who has fully performed, has been applied as to an alleged *ultra vires* act of a federal corporation, but we know of no reason why that rule should not be so applied.

In *U. S. Securities Corp.* v. *Exchange Natl. Bank* (1930), 15 La. App. 23, 130 So. 818, an individual who had received the benefit of an *ultra vires* act of a national bank was denied the right to plead that the act was *ultra vires*.

In *Hutchins* v. *Planters Natl. Bank* (1901), 128 N. C. 72, 38 S. E. 252, a national bank, by letter, agreed that a draft drawn by plaintiff on the bank against a certain firm for hides to be shipped would be paid, but the bank refused to pay the draft. The court held that the bank was estopped from pleading that its said agreement was *ultra vires*. The court said, "It does not lie in the defendant's mouth to say that it had no authority to do what it did, after the plaintiff shipped his hides, relying upon the defendant's promise that the draft should be paid.

The Supreme Court of the United States in *Ohio and Miss. Rwy. Co.* v. *McCarthy* (1878), 96 U. S. 258, 24 L. Ed. 693, said, "The doctrine of *ultra vires,* when invoked for or against a corporation, should not be allowed to

prevail where it would defeat the ends of justice or work a legal wrong."

We think the doctrine of *ultra vires* would defeat the ends of justice and work a legal wrong if applied here in accordance with the federal court rule.

Therefore, on authority of *Wright* v. *Hughes, supra,* and *Seamless Pressed Steel Mfg. Co.* v. *Monroe, supra,* we hold that recovery can be had by appellee on the note in suit although the execution of the note by appellant was an *ultra vires* act.

No reversible error having been shown, the judgment is affirmed.