### WITTMER LUMBER COMPANY v. RICE ET AL.

[No. 2,904. Filed January 3, 1900.]

PRINCIPAL AND SURETY.—*Bonds.*—Where a lumber company signed a bond with a contractor to secure the performance of a contract entered into by such contractor not to permit any liens to be filed against the property for material or work done in the construction of the building, the lumber company was not a collateral guarantor. but was bound jointly with the principal as an original promisor. *pp. 587, 588.*

SAME.—*Corporations.—Contractor's Bond.—Ultra Vires.—Estoppel.* —Where a corporation signed a bond with a contractor to secure the performance of a contract not to permit any liens to be filed against the property for material or work done in the construction of the building in consideration of an agreement entered by such contractor to purchase material from the corporation to be used in the construction of the building, the corporation cannot defeat an answer pleading the bond in bar of an action by it to foreclose a lien on such building for material furnished, on the ground that the contract of suretyship was *ultra vires. pp. 588-591.*

From the Marion Superior Court. *Affirmed.*

O. B. Jameson and F. A. Joss, for appellant.
W. J. Beckett, for appellees.

ROBINSON, J.—Appellant sued Rice, the Interstate Building & Loan Association, and others, to foreclose a mechanic's lien. The building association answered that appellee Rice owned the land upon which appellant seeks to foreclose a lien; that he procured a loan from the building association to build a house, and contracted with one O'Banion to do the work, O'Banion agreeing to give a bond to secure Rice and the association against any mechanic's liens or claims for labor or material furnished; that O'Banion agreed with appellant, a mercantile corporation, that he would purchase the lumber and building material from appellant, in consideration that appellant would become surety on the bond; that appellant became such surety in consideration of such purchase and the profits therefrom to it; that O'Banion purchased of it the material and thereby promoted and advanced its business; that this action is to foreclose a mechanic's lien for the material so purchased; that the bond was executed to promote the interests of appellant; that in the bond appellant and O'Banion agreed with Rice and the association not to encumber the real estate, nor permit others to do so, nor file liens or claims against the same for material or work done, and agreed to hold Rice and the association free and harmless from liens caused by an act or omission of O'Banion or his agents; that O'Banion is totally insolvent; that the association was induced to accept the bond and advance O'Banion the money by reason of appellant executing the bond as surety, a copy of which bond is made an exhibit.

Appellant's counsel have argued only the sufficiency of this paragraph of answer, as it presents the same questions as those presented by the other assignments of error.

The answer is pleaded only in bar of appellant's action. It pleads an estoppel, does not ask any affirmative relief, and can not be considered a counterclaim.

Appellant executed the bond as surety, so designated in the body of the bond and in the signature to it. Appellant's

contract was not collateral to that of the principal, but it bound itself jointly with the principal as an original promisor. The liability of the obligors accrued at the same time and arose out of one breach of the same instrument. "In a strict collateral guaranty, the guarantor does not undertake to do what the principal is bound to do, but he undertakes, in the event the principal fails to do what he has promised, to pay damages for such failure. A guarantor undertakes to pay such damages as result from the principal's default. A surety undertakes to do the particular thing if the principal fails." *Wheeler* v. *Rohrer*, 21 Ind. App. 477; *Bryant* v. *Stout*, 16 Ind. App. 380; *Newcomb, etc., Co.* v. *Emerson*, 17 Ind. App. 482; *Lane* v. *Mayer*, 15 Ind. App. 382; *Conduitt* v. *Ryan*, 3 Ind. App. 1; *Nading* v. *McGregor*, 121 Ind. 465, 6 L. R. A. 686.

It is argued that the act of the corporation in signing the bond was *ultra vires*. But it is claimed by counsel for appellees that even if the act was *ultra vires*, the corporation, by receiving the consideration, is now estopped to deny its power to execute the bond. In executing the bond appellant did not violate any statute prohibiting the act. All that can be claimed is, there was a want of power to do the act.

In the absence of express statutory authority, or authority clearly implied from a grant of power by the State, a corporation can not become surety or guarantor for another person for the mere accommodation of the latter. 7 Thompson Corp. §8346; 2 Cook Corp. §774. And in this State appellant is not authorized to become such surety or guarantor. But there are exceptions to this general rule, and circumstances may exist in which a corporation may rightfully exercise this power in furtherance of its own corporate purposes.

It is shown that appellant became surety on the bond in consideration of the profits it would derive from the purchase of the building material from it; that the materials were so bought, and that they are the same materials for

which appellant now sues; and that the building association accepted the bond and advanced the money by reason of appellant's executing the bond as surety.

The consideration thus moving to appellant was a valuable consideration and was in furtherance of its own corporate purposes. It is also shown that the contract, as between appellant and the building association, was executed. It has received the benefits accruing to it through the acceptance of the bond by the association and the making of the loan by the association, which loan it was induced to make because of the bond. The contract has been fully performed by the building association. It loaned its money upon the strength of appellant's action in executing the bond, and appellant was enabled to and did receive a benefit by reason of such action. It has received the consideration it agreed to accept. There were mutual agreements and mutual advantages. There is no rule of law that will permit appellant, under such circumstances, to say now that it had no power to make the contract.

In *Wheeler, etc., Co. v. Everett Land Co.*, 14 Wash. 630, 4 Am. & Eng. Corp. Cases (N. S.), 185, 45 Pac. 316, appellant corporation, a lumber company, became surety on a contractor's bond conditioned that he would erect a building in a specified manner and furnish all materials. The lumber company sued to foreclose a lien for materials sold by it to the contractor. There was an answer and counterclaim pleading the bond and claiming the lumber company was liable for certain materials used which the contractor had failed to furnish. The bond was held valid and a judgment in damages was given against the lumber company. In the opinion the court said: "And as appellant in consequence of going upon the bond obtained direct and substantial benefits by reason of the sale of a large amount of material and as the bond was accepted and relied upon in good faith by the respondent, appellant should not be allowed to invoke the doctrine of *ultra vires* and so escape liability. In con-

struing the powers of corporations the tendency is toward a more liberal interpretation than formerly, and in holding that appellant had authority to execute this bond we are but following several prior decisions of this court." See, also, *Winterfield* v. *Brewing Co.*, 96 Wis. 239, 71 N. W. 101; *Holmes* v. *Willard*, 125 N. Y. 75, 25 N. E. 1083, 11 L. R. A. 170.

*Lucas* v. *Transfer Co.*, 70 Iowa, 541, 30 N. W. 771, cited by counsel, was a contract of suretyship for mere accommodation. Likewise, in *Humboldt Min. Co.* v. *American, etc., Co.*, 62 Fed. 356, cited by counsel, it appears that no consideration was paid to the guarantor corporation. That case states the general rule, that ordinarily it is not within the power of a trading corporation to guarantee the obligations of another, but recognizes the exception that there may be circumstances under which it may be done. *Marbury* v. *Land Co.*, 62 Fed. 335.

While the case at bar is not altogether like the case of *State Board* v. *Citizens St. R. Co.*, 47 Ind. 407, 17 Am. Rep. 702, and *Wright* v. *Hughes*, 119 Ind. 324, yet the principle upon which those cases rest should control in this case.

In *State Board* v. *Citizens St. R. Co., supra*, the railway company, for the purpose of increasing its own profits, subscribed $1,000 as an inducement to the board to locate its grounds at a particular place, which it did. In a suit to collect the subscription the court said: "The street railway company has thus received the benefits and advantages of the contract, but seeks to avoid paying the consideration promised, because it had not the legal power to contract for the benefits which it has actually received. In our opinion, the street railway company is not at liberty to assume this position. It has received the profits resulting from the compliance of the plaintiff with the contract. * * * It would be unjust for the company now to escape performance of the contract by which these profits have been realized."

In *Wright* v. *Hughes, supra,* it is said: "The rule is now too thoroughly established to be longer open to question, that where a contract has been executed and fully performed on the part of the corporation, or of the party with whom it contracted, neither will be permitted to insist that the contract was not within the power of the corporation." Citing, *State Board, etc.,* v. *Citizens St. R. Co., supra; Louisville, etc., R. Co.* v. *Flanagan,* 113 Ind. 488, 3 Am. St. 674; *Chicago, etc., R. Co.* v. *Derkes,* 103 Ind. 520; *Pancoast* v. *Travelers Ins. Co.,* 79 Ind. 172; *Hitchcock* v. *Galveston,* 96 U. S. 341; *Railway Co.* v. *McCarthy,* 96 U. S. 258; *Bradley* v. *Ballard,* 55 Ill. 413; *Memphis, etc., R. Co.* v. *Dow,* 19 Fed. 388; *Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62. See, also, *Voris* v. *Star City Building, etc., Assn.,* 20 Ind. App. 630; 2 Beach Priv. Corp. 701; 5 Thomp. Corp., §6025; *Bedford Belt R. Co.* v. *McDonald,* 17 Ind. App. 492, 60 Am. St. 172. Judgment affirmed.