W. C. BOWMAN LUMBER CO. v. PIERSON et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 27, 1911. Rehearing Denied July 1, 1911.)

1. CORPORATIONS (§ 484*) — GUARANTY CONTRACTS—ULTRA VIRES.

A corporation chartered for the purpose of buying and selling lumber and other building materials has no power to bind itself as guaran-tor for the performance by a contractor of a building contract, and such a guaranty is ultra vires.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815; Dec. Dig. § 484.*]

2. CORPORATIONS (§ 388*)—ULTRA VIRES CONTRACTS—ESTOPPEL.

A corporation chartered for the purpose of buying and selling lumber and other building materials is not estopped from pleading the invalidity of its act in guaranteeing performance by a contractor of a building contract, where the building materials had been sold by it prior to its undertaking, which was a pure gratuity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1557–1567; Dec. Dig. § 388.*]

Appeal from Stonewall County Court; Ernest Herring, Judge.

Action by S. B. Pierson and another against the W. C. Bowman Lumber Company. From a judgment for plaintiffs, defendant appeals. Reversed and rendered.

D. M. Oldham, Jr., for appellant. T. E. Knight, R. M. Reed, Thedore Mack, and Arrington & Carter, for appellees.

SPEER, J. Appellant, W. C. Bowman Lumber Company appeals from a judgment rendered against it as surety on A. T. Robinson's bond, given to the First National Bank of Aspermont, to guarantee the compliance with a certain building contract. We find it unnecessary to decide the questions presented by appellant, other than its contention that the act of signing such bond was ultra vires and void. Whatever benefits accrued or could have accrued to appellant by reason of its becoming Robinson's surety were certainly not direct, but at most only indirect, or by way of reaction, as it were, and this seems to be the test of corporate powers as laid down by the Supreme Court, in Northside Railway Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778.

[1] The precise question of the right of a lumber company chartered for the purpose of buying and selling lumber and other building materials to bind itself as guarantor for the performance of a building contract by another is decided in Re S. P. Smith Lumber Co. (D. C.) 132 Fed. 620, by the federal District Court of this district in favor of the contention of appellant. Many authorities are there cited, and the reasoning seems sound.

[2] The case of Wittmer Lumber Co. v. Rice, 23 Ind. App. 586, 55 N. E. 868, cited by appellee, does not decide that such act of a lumber company corporation is not ultra vires, but does decide under the facts of that case that the corporation was estopped (having received direct benefits under the contract) from pleading the invalidity of its act. In this case the material had been sold by appellant, and its signing the bond was a pure gratuity. There is no question of estoppel involved. Our conclusion that the act

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

was ultra vires renders the contract void and disposes of all questions in the case. .

The judgment is therefore reversed and here rendered for appellant.