## CARLA LAND & IRRIGATION CO. v. ASHERTON STATE BANK et al.

(Court of Civil Appeals of Texas. San Antonio. March 11, 1914.)

**1. FRAUDS, STATUTE OF (§ 17*)—PROMISE TO ANSWER FOR DEBT OF ANOTHER.**

An oral agreement by defendant that, if plaintiff bank would let a third person have some money, defendant would guarantee payment, in pursuance of which the bank let the third person have the money and took his note therefor, was unenforceable, under the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 13, 16, 17; Dec. Dig. § 17.*]

**2. CORPORATIONS (§ 484*)—CORPORATE POWERS—CONTRACT OF SURETYSHIP.**

Under Rev. St. 1911, art. 1164, providing that no corporation shall use its property or assets for any purpose other than to accomplish the objects of its creation, a land and irrigation company was without authority to agree to guarantee and secure the debt of a third person.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1815; Dec. Dig. § 484.*]

Appeal from Dimmit County Court; J. O. Rouse, Judge.

Action by the Asherton State Bank and others against G. W. Vaughn and the Carla Land & Irrigation Company. From a judgment for plaintiff, defendants appeal. Judgment as to defendant Vaughn affirmed, but as to Carla Land & Irrigation Company judgment reversed and rendered in its favor.

A. L. Matlock and Butler L. Knight, both of San Antonio, for appellants. W. A. H. Miller, of Asherton, for appellee.

CARL, J. [1] The Asherton State Bank sued G. W. Vaughn and Carla Land & Irrigation Company, a corporation, and alleged that on or about April 20, 1912, said Carla Land & Irrigation Company, verbally acting through Carl Albrecht, treasurer of said company, instructed or requested plaintiff (bank) to let defendant G. W. Vaughn have some money, stating that said Carla Land & Irrigation Company would guarantee the payment of any sum of money said plaintiff loaned or let said defendant Vaughn have; that thereafter, on or about April 25, 1912, the plaintiff furnished said Vaughn with $165, for which said Vaughn executed his note; and on or about May 14, 1912, relying on the guaranty of said Carla Land & Irrigation Company, plaintiff advanced Vaughn $100. The first note matured May 25, 1912, and the second 30 days after its date. Sixty-five dollars were paid on the first note, and nothing further. By exception and special pleas, the Carla

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Land & Irrigation Company raised the issue that same was in contravention of the statute of frauds requiring a promise to answer for debt or default of another to be in writing and signed by the party to be charged, and further that the corporation did not authorize the same. The cause was tried by the court, and judgment rendered for the plaintiff against both defendants, and Carla Land & Irrigation Company has appealed.

There are two reasons why this judgment cannot stand as rendered:

1. It is clearly within the statute of frauds, and the Carla Land & Irrigation Company's pleas should have been sustained. We have recently been called upon to review a similar case in this court where a full discussion will appear. Henry Hein, Sr., v. John Finnigan Co. from Webb county, 163 S. W. 124. The Supreme Court has passed upon this question in a way such as to remove any doubt in the case of Brown v. Farmers' & Merchants' National Bank, 88 Tex. 265, 31 S. W. 285, 33 L. R. A. 359.

[2] 2. Even if Carl Albrecht did guarantee the debt, it was not authorized by the corporation. This corporation was not authorized to go security, and the directors did not authorize Albrecht to make the debt. Article 1164 of the Revised Civil Statutes of 1911 is as follows: "No corporation, domestic or foreign, doing business in this state, shall employ or use its stock, means, assets, or other property, directly or indirectly, for any other purpose whatever than to accomplish the legitimate objects of its creation or those permitted by law." The law defines and limits the manner in which a corporation can bind itself, and restricts the manner in which moneyed obligations may be incurred. The matter of going security was not within the scope of Albrecht's authority. Fidelity & Deposit Co. v. Bank, 48 Tex. Civ. App. 301, 106 S. W. 784; Deaton v. Harvester Co., 47 Tex. Civ. App. 267, 105 S. W. 556; Bowman v. Lumber Co., 139 S. W. 618; Railroad Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778; Franco-Texan Land Co. v. McCormick, 85 Tex. 421, 23 S. W. 123, 34 Am. St. Rep. 815.

In view of what has been said, the judgment of the lower court will be reversed, and judgment here rendered that the plaintiff take nothing as to Carla Land & Irrigation Co.; but as to Vaughn the judgment will be affirmed, the costs of the appeal being adjudged against appellee Asherton State Bank.