**ROUNDS & PORTER LUMBER CO. v. THOMPSON.**

No. 4272—Opinion Filed Nov. 30, 1915.

Rehearing Denied May 22, 1917.

(153 Pac. 648.)

**Corporations—Mechanics' Liens—Ultra Vires Act—Corporations—Materialman's Liens Surety on Building Contractor's Bond.**

Where a property owner purposing the erection of a building, is induced to award the contract for the construction thereof to a contractor kept by a corporation engaged in the lumber business about its yard for that purpose, by reason of such corporation agreeing to and becoming surety on the contractor's bond for the faithful performance of the contract and to save the owner harmless from pecuniary loss resulting from breach thereof, held, in an action by the corporation against the owner to enforce a materialman's lien upon the building for material used therein and furnished by it to the contractor, such corporation is estopped to assert that its act in becoming such surety was ultra vires, and especially so where the corporation neither pleads nor offers to prove that such act was in fact beyond its corporate powers. Held, further, that as such surety it is estopped to maintain the action, in which, should it prevail, the owner must necessarily suffer pecuniary loss by reason of the breach of such contract.

(Syllabus by Bleakmore, C.)

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Action by the Rounds & Porter Lumber Company, a corporation, against James P. Thompson and another. Judgment for defendant Thompson and against the other defendant, and plaintiff brings error. Affirmed.

J. I. Coursey, for plaintiff in error.

W. W. Hastings and J. Berry King, for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the distsict court of Cherokee county on January 5, 1912, by Rounds & Porter Lumber Company, a corporation, as plaintiff, against James P. Thompson, owner, and J. B. Cummins, contractor, to foreclose a materialman's lien. The parties are referred to as they appeared in the trial court.

Cummins defaulted, but defendant Thompson answered that he had paid the full contract price to the contractor upon order of the plaintiff, and, further, that the plaintiff was surety on the contractor's bond, by reason of which it was liable for the sum due. Plaintiff replied by way of general denial.

The plaintiff was engaged in the lumber business, maintaining a yard with a manager, G. C. McKee, in charge, at Tahlequah, Okla. Defendant Thompson, purposing the erection of a building, consulted plaintiff's manager, who recommended defendant Cummins as a good contractor and an honest man who had been employed by the plaintiff in connection with its Tahlequah yard for some time, and stated that lumber yards usually had a contractor around to bid on contracts, and that plaintiff kept one so that it could sell the material for the entire contract; that plaintiff would let Cummins have the material, and if Thompson awarded him the contract it would make his bond. Whereupon Thompson entered into a written contract with

Cummins for the erection of a building according to certain plans and specifications, to secure the performance of which, Cummins, as principal, and the plaintiff, as surety, executed and delivered to Thompson a bond in the sum of $2,000 signed:

"J. B. Cummins, [Seal.]

"Rounds & Porter Lumber Co.,

"By G. C. McKee.

"Signed, sealed and delivered in the presence of W. H. Byrd."

It was provided by said bond:

"Whereas, said principal has entered into a certain written contract with the obligee to erect a brick building, consisting of two storerooms on lots 3 and 4 in block 67, city of Tahlequah, Oklahoma, a copy of which contract is hereto attached and made a part of this bond: Now, therefore, the condition of the foregoing obligation is such that if the said principal shall well and truly indemnify and save harmless the said obligee from any pecuniary loss resulting from the breach of any of the terms, covenants, and conditions of the said contract on the part of the said principal to be performed, then this obligation shall be void; otherwise to remain in full force and effect in law."

The contractor completed the building according to the plans and specifications, and Thompson paid him the full contract price; the last payment of $350 being made by virtue of a written order of the company as follows:

"J. P. Thompson, Tahlequah—Dear Sir: You are hereby authorized to turn over all moneys coming to J. B. Cummins, on the business house he has built for you.

"Rounds & Porter Lbr. Co.,

"By H. B. Gannoway, Manager."

At the time of the payment Cummins was indebted to the plaintiff for material going into said building furnished by it in the sum of more than $600 in excess thereof. Plaintiff took the requisite steps to establish its lien by filing a statement, giving notice, etc.

The case was tried to a jury, which, under instructions of the court, returned a verdict for defendant Thompson, and judgment was rendered for plaintiff against Cummins.

It is contended by plaintiff that the court erred in admitting and considering in evidence the contractor's bond, for the reason that it was beyond the corporate power of plaintiff to bind itself thereby, and that such bond was not properly executed.

It is the general doctrine that, in the absence of express or clearly implied statutory authority a corporation cannot become an accommodation surety or guarantor. In this jurisdiction corporations are created by acts in pais under the provisions of a general statute of incorporation, and the purposes for which they are formed and set forth in their articles of incorporation.

Plaintiff did not plead, or attempt to prove, that it was without power by virtue of its articles of incorporation to execute the bond in question, or that its manager was not authorized to act for it in the premises. Neither its articles of incorporation nor its by-laws were offered in evidence. In this case the undisputed evidence is that plaintiff, in order to profit by the sale of materials to be used in the building which defendant Thompson was about to erect, induced him to award the contract therefor to its favored contractor, Cummins, whom it kept about its lumber yard for that purpose, and to that end agreed to and did, as surety for Cummins, execute a bond to secure the faithful performance of such contract. Thompson accepted and relied upon said bond in good faith. Plaintiff received the consideration moving to it as surety in selling to Cummins the material used in the building, which sale was doubtless profitable and would have resulted in substantial benefit to it had the contractor been in fact as competent and honest as plaintiff had represented him to be. No presumption can be indulged from the evidence that it was beyond the corporate power of plaintiff in promoting its lumber business to become surety on said bond.

By attempting the establishment of its lien for materials purchased but not paid for by the contractor, and bringing this action to foreclose the same, plaintiff has conclusively shown that there was a breach of the building contract and of the bond given to secure its performance, which would result in pecuniary loss to defendant Thompson should plaintiff prevail in this action.

Under the circumstances of this case, even if it appeared that plaintiff was not specifically empowered to execute said bond as surety, it should not be permitted to take advantage of such assumed want of power to bind itself as it purported to do by the bond. After obtaining the substantial benefits accruing to it by the sale of its material to the contractor, it is estopped to invoke the doctrine of ultra vires, and thus escape liability on its bond. In Wheeler-Osgood Co. v. Everett Land Co., 14 Wash. 630, 45 Pac. 316, a case in which the facts are not dissimilar to those in the instant case, save that there the appellant lumber company was

without authority under the statute to execute a like bond, which it pleaded, it is said:

"And as appellant, in consequence of going upon the bond, obtained direct and substantial benefits by reason of the sale of a large amount of material, and as the bond was accepted and relied upon in good faith by the respondent, appellant should not be allowed to invoke the doctrine of ultra vires, and so escape liability. In construing the powers of corporations, the tendency is toward a more liberal interpretation than formerly, and in holding that appellant had authority to execute this bond * * * we are but following several prior decisions of this court."

To the same effect is Wittmer Lbr. Co. v. Rice et al., 23 Ind. App. 586, 55 N. E. 868; Central Lumber Co. v. Keltner et al., 201 Ill. 503, 66 N. E. 543. See Heims Brewing Co. v. Flannery, 137 Ill. 309, 27 N. E. 286; Winterfield v. Cream City Brewing Co., 96 Wis 239, 71 N. W. 101; Vanderveer v. Asbury Park & B. St. R. (C. C.) 82 Fed. 355.

From the evidence it appears that, after the contract had been awarded to Cummins, the bond executed, and the building was in process of construction, plaintiff's auditor informed defendant Thompson that he would not consider plaintiff bound by such bond. It is argued that, this occurring at a time when defendant had a sufficient amount of the contract price in his hands to have protected himself and paid the claim of plaintiff, he cannot rely upon said bond. Not so. The bond was then in full force and effect, and its obligation was a continuing one. Plaintiff could not by such notice dissolve its contract and terminate its liability thereunder. Pingree on Suretyship and Guarantee, sec. 87.

We are of opinion that the court properly instructed the jury to return a verdict for defendant Thompson.

The judgment should be affirmed.

By the Court: It is so ordered.