MARDEZ LUMBER CO. v. LUFKIN FOUNDRY & MACHINE CO.
(No. 506.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1919. Rehearing Denied Dec. 17, 1919.)

1. EVIDENCE ⬤═376(9) — TESTIMONY AS TO ACCOUNT WITHOUT IMMEDIATE RECOLLECTION ADMISSIBLE.

In suit on an open account for materials and labor, testimony of plaintiff's foreman as to items of the account sued on was admissible, where he testified that, though he had no personal knowledge at the time of suit of the accuracy of the items of the account, nevertheless he would not have O. K.'d time slips from which they were made up unless at the time he had known them to be accurate.

2. EVIDENCE ⬤═377 — PROPER AUTHENTICATION OF TIME SLIPS.

In suit on an open account for labor and materials, the trial court properly admitted in evidence certain time slips from which the items of the account were made up; plaintiff's foreman having testified that he would not have signed the slips and turned them in at the office unless he had known at the time that such slips, in their charges of hours of labor, were accurate.

Appeal from Angelina County Court; E. B. Robb, Judge.

Suit by the Lufkin Foundry & Machine Company against the Mardez Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Feagin, German & Feagin. of Livingston, and M. M. Feagin, of Lufkin, for appellant.

Mantooth & Collins, of Lufkin, for appellee.

BROOKE, J. This suit was instituted by appellee in the county court of Angelina county, being a suit upon an open account for material and labor set out in detail in exhibit attached to appellee's first amended original petition, on which it went to trial. The suit was for the sum of $435.44, with interest thereon from January 10, 1918, at 6 per cent. Plaintiff alleged that the items of labor and material were furnished at the instance and request of appellant, and that the prices charged therefor were the reasonable and fair prices for said labor and material. Ap-

pellant answered by general denial, special and general exceptions, plea to the venue of the court, and by special exception that the account sued on was not a true and accurate account, and that the prices charged for the labor and material furnished were exorbitant and unreasonable. The case was tried March 24, 1919, before the court without a jury, and judgment rendered in favor of appellee for the full amount sued for, with interest from January 10, 1918. Appellant gave due notice of appeal, filed its supersedeas bond and assignments of error, and the case is properly before this court for review.

[1] It is contended in the first assignment of error that the court erred in overruling defendant's objections, and in admitting the testimony of Jack Dillworth as to said items of account sued on, as is shown by defendant's bill of exception.

The first proposition under this assignment is that it was error to admit and consider testimony which the witness' own testimony shows is merely a conclusion, and not a matter of personal knowledge.

The counter proposition is that where a foreman of a crew of workmen in a shop knew of and directed the entries of certain work done in said shop, which entries were made contemporaneously with and about the time the transaction was recorded, and of which entries he had personal knowledge, evidence of the foreman as to the correctness of said entries is admissible; it appearing that the entries and items thereof related to the business of the company, which company is a party to the litigation.

Appellant cites in support of this proposition the case of Randle v. Barden, 164 S. W. 1066. It appears that the objection urged to this testimony relates to the credibility of the witness. However, it is seen by the testimony of the witness that the time slips offered by appellee were received in evidence. It developed, according to the testimony of Jack Dillworth, that the records and entries were made by the said Dillworth under his direction and were made contemporaneous with or about the time of the transaction recorded; and it further appears that the witness Dillworth, according to his statement, had full personal knowledge of the facts recorded. The record shows that said Dillworth testified:

"I have no personal recollection of how much time any of these men put in. I cannot say of my own recollection how much any of them did on this job on any of the days named. The only information I have on it is from the statements contained in the time slips. I do know that I would not have O. K.'d these time slips and turned them in to the office unless I had known at the time that the amount of hours, as shown on these slips, had been put in by the workmen on that particular job."

In the case referred to above, the court held that testimony was inadmissible for the reason that the person had no personal knowledge of said entries, not having been present at the time they were made, and not having known whether or not they were correct entries, he being located and officing in a distant city, far away from the locality where the matters were transpiring, and, of course, could not have had any knowledge whatever, except hearsay knowledge, of what the entries actually represented. In the present case, the witness Dillworth was a foreman employed by appellee and actually present in the discharge of his duties over said workmen, and did 'see and know about the entries mentioned and complained of, and in fact had absolute personal knowledge of what they meant and represented, and, having fully qualified in the matter, he was a competent witness to testify concerning the accuracy and correctness of the entries. We are not able to agree with the appellant in his contention, and this assignment must be overruled.

[2] The second assignment complains that the court erred in overruling defendant's objections and admitting in evidence certain time slips, as is shown by defendant's bill of exception No. 2.

The proposition under this assignment is that, in order to make the time slips objected to admissible in evidence, they should have been supported by the oath of those who made them that the entries were correct and accurate and made by them at the time the work was done.

Dillworth, the foreman, testified that, at the time order No. 52013 was filled out for the Mardez Lumber Company, he was foreman at the time, and as foreman he saw that the men were kept at work and put in full time. He further testified, on cross-examination:

"I have no personal recollection of how much time any of these men put in. I cannot say of my own recollection how much any of them did on this job on any of the days named. The only information I have is from the statements contained in the time slips. It was customary for these parties to sign the slips and turn them in to me."

He further testified:

"I do know that I would not have O. K.'d these time slips and turned them in to the office unless I had known at the time that the amount of hours as shown on the slips had been put in by the workmen on that particular job."

It is contended by appellee that, where regular entries are made in account books of a party to the litigation, they are admissible in evidence, provided the entries are original and were made contemporaneously with, or about the time of, the transaction recorded, and provided, further, the one making the entry, or directing the making of same, had personal knowledge of the facts recorded.

The testimony was admitted in evidence,.

.and was competent. The trial court was evidently satisfied with the testimony that was .admitted, and there was sufficient evidence to enable the court to find in favor of the correctness of the charges made. The parties in controversy submitted the evidence to the court, without calling for a jury, and the finding of the court that no more was charged for the work done than was customarily charged by other persons doing similar work at the same time is supported by the evidence in the case. It is impossible, therefore, for this court to say that material error has been committed that would justify us in reversing and remanding this case.

The remaining assignments are overruled, and the judgment of the trial court is affirmed.