## Grand Lodge, Ancient Order of United Workmen *v.* Barwe.

[No. 5,432. Filed November 17, 1905. Rehearing denied February 15, 1906. Transfer denied June 8, 1906.]

1. APPEAL AND ERROR. — *Weighing Evidence.* — The Appellate Court will not weigh conflicting evidence. p. 310.

2. PLEADING.—*Complaint.—Review of Judgment.*—A complaint to review a judgment for the reason that the complaint upon which such judgment was founded was insufficient, is unsupported where such original complaint stated a valid cause of action. p. 310.

3. SAME. — *Complaint.—Insurance.—Mutual Benefit.—Beneficaries.*—A complaint showing that plaintiff is the beneficiary of a benefit life certificate in defendant insurance order; that his

father was a member thereof and performed all conditions to be performed and that plaintiff performed all conditions to be by him performed, states a cause of action.   p. 310.

4. INSURANCE.—*Mutual Benefit.*—*Certificates.*—*Promises to Pay Money.*—A mutual benefit certificate granting the holder the right to designate a beneficiary to whom the sum stated, at the holder's death, shall be paid, is a promise to pay money to the beneficiary properly designated.   p. 311.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Suit by the Grand Lodge, Ancient Order of United Workmen of Indiana, against John H. Barwe.   From a decree for defendant, plaintiff appeals.   *Affirmed.*

*Charles L. Wedding, Ireland & Reister* and *Charles B. Harris,* for appellant.

*A. D. Jones, G. K. Denton* and *George A. Cunningham,* for appellee.

COMSTOCK, J.—Appellant brought suit against appellee to vacate and set aside a judgment rendered in the Vanderburgh Circuit Court in 1902 against appellant for $2,200 in round numbers.   The complaint is in two paragraphs. In the first the vacation is sought (1) on the ground that the judgment involved the same questions of fact as the case of Marshall against this appellant, rendered by the same court, and which was afterwards appealed to the Appellate Court, and by said court reversed (*Grand Lodge, etc.,* v. *Marshall* [1903], 31 Ind. App. 534), it being agreed as alleged that the decision in the Marshall case should control the judgment in the Barwe case, and, that judgment having been reversed, appellant was entitled to have the Barwe judgment vacated; and (2) because it was wrong and unjust.

The second paragraph asked a review of the judgment for the reason that the complaint in the original action was insufficient.

A general denial was filed to each paragraph. The court found for appellee. Appellant relies for reversal upon the following errors: (1) The court erred in overruling appellant's motion for a new trial; (2) the decision of the court was against the weight of the evidence; (3) the court found for the defendant appellee on the second paragraph of complaint to review the judgment.

As to the claim based upon the first paragraph there is a conflict of evidence as to the alleged agreement. We are called upon to weigh the evidence. This we cannot do. *Smith* v. *Smith* (1905), 35 Ind. App. 610, and cases cited.

In support of the second paragraph, it is contended that the original complaint is insufficient because it does not allege any consideration for the issuing of the certificate. Appellee insists that the sufficiency of the paragraph is not presented, because it is not shown that the demurrer to the complaint in the original action was for want of facts. Cases are cited in support of this position; but, without reference to the form of the demurrer, if in the original action the complaint states a valid cause of action the second paragraph of the complaint under consideration is without support.

The complaint in said original action in substance alleges that on October 19, 1903, Joseph Barwe was received in said association as a member therein, and at the time he was so received the defendant executed and delivered to him a certain membership certificate bearing date on said day, whereby said defendant undertook and promised to pay to this plaintiff at the death of said member the sum of $2,000, a copy of which certificate is filed herewith and marked exhibit A, and made a part hereof; that on November 22, 1900, said Joseph Barwe died; that this plaintiff was the father of said Barwe, had a valuable interest in his life, both at the time said certificate was exe-

cuted and delivered to said member and at the time of his death; that said Joseph Barwe has performed all the conditions of said certificate and contract of insurance required by him to be performed, and this plaintiff has performed all of the conditions of said certificate and contract of insurance on his part to be performed, and that he is still owner and holder of said certificate; that the defendant has not paid said sum or any part, and has refused and still refuses to pay the same; that the same is now due and has been since November 22, 1900, etc. These allegations are sufficient to withstand a demurrer for want of facts. *Supreme Lodge, etc., v. Knight* (1889), 117 Ind. 489, 3 L. R. A. 409; *People's Mut. Benefit Soc.* v. *McKay* (1895), 141 Ind. 415.

Counsel for appellant admit that *Supreme Lodge, etc., v. Knight, supra,* supports the proposition that contracts of insurance, "such as in this case, are written promises to pay money," but say that in that case the policy contained an agreement to pay the appellee the sum of $2,000 upon the death of the assured, while the certificate in this case contains no such promise, but only certifies that the member is entitled "to designate the beneficiary to whom the sum of $2,000 of the beneficiary fund of the order shall at his death be paid;" and that this is an important distinction in the two certificates. We see no difference in the agreement to pay the specified sum to the party named in the certificate as beneficiary, and to pay a person designated by the member of the society. In the certificate before us the member designates as "beneficiary, under the terms hereof, J. H. Barwe, bearing to him the relation of father." The case of *Supreme Lodge, etc., v. Knight, supra,* is decisive of this branch of the case.

Judgment affirmed.