ANCHOR LIFE INSURANCE COMPANY v. MEYER.

[No. 8,985. Filed February 16, 1916.]

1. INSURANCE.—*Action on Policy.*—*Complaint.*—A complaint based upon a standard form of life insurance policy, alleging the execution of the policy and the death of the insured from a cause within its terms, and that plaintiff and the insured fully performed all the conditions of the policy to be performed by them, and disclosing nothing to the effect that the death resulted by reason of insured being engaged in any prohibited occupation, was sufficient as against demurrer. p. 37.

2. INSURANCE.—*Action on Policy.—Complaint.—Negativing Exceptions in Policy.*—Plaintiff in an action on a life insurance policy need not negative the exceptions contained therein, as they are matters of defense. p. 37.

3. INSURANCE.—*Action on Life Policy.—Defenses.—Death from Use of Explosives.*—Under a life policy exempting the company from liability if death ensued from the act of insured in making or using explosives, etc., the company could not avoid liability for the death of insured by the explosion of a steam boiler used in connection with the operation of a sawmill. p. 39.

4. INSURANCE.—*Action on Life Policy.—Answer of Fraud.—Sufficiency.*—In an action on a life policy, an answer on the theory of fraud by the insured in falsely stating the nature of his occupation, was insufficient in the absence of any averment to show that the defendant elected to avoid and rescind the contract after discovery of the fraud by returning or tendering back the premiums paid. p. 40.

5. INSURANCE.—*Construction of Policy.—Application.*—Where an application for insurance is by the terms of the policy made a part thereof, it and the policy are to be construed as one contract. p. 40.

From Knox Circuit Court; *B. M. Willoughby*, Judge.

Action by Louise Meyer against the Anchor Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Clarence B. Kessinger* and *George W. Kenney*, for appellant.

*Wm. M. Alsop* and *Wm. H. Hill*, for appellee.

MORAN, J.—Appellee recovered a judgment of $5,285 against appellant in a trial by the court in an action on a life insurance policy, issued upon the life of her husband, and in which she was the beneficiary.

Appellant, in prosecuting this appeal, assigns as errors, (1) the overruling of the demurrer to the complaint, (2) the sustaining of the demurrer to the amended second paragraph of answer of appellant, (3) the sustaining of the demurrer to the third paragraph of answer, (4) the overruling of the motion for a new trial.

The objection raised to the sufficiency of the complaint is that the policy, which is a part of the complaint, provides that during the first year of the life of the policy, the assured should not engage in certain prohibitive employment without the written consent of the company, and which he did without such written consent. The complaint is based upon a standard form of life insurance policy, and

1. after showing the execution of the policy and the death of the assured, and that the cause

2. of his death was one insured against by the policy, further alleges as to performance that the assured "and this plaintiff have duly performed all the conditions of said policy on their part to be by them performed". This is a sufficient allegation of performance on the part of the assured and appellee. Further the complaint does not disclose that the assured met his death by reason of engaging in any employment prohibited by the terms of the policy. It is not necessary to negative warranties or exceptions in a policy in a complaint to enforce the same, as they are matters of defence. *Phenix Ins. Co.* v. *Pickel* (1889), 119 Ind. 155, 21 N. E. 546, 12 Am. St. 393; *Modern Woodmen, etc.* v. *Noyes* (1902), 158 Ind. 503, 64 N. E. 21; *Louisville Underwriters* v. *Durland* (1890), 123 Ind. 544, 24 N. E. 221, 7 L. R. A. 399; *Home Ins. Co.* v. *Boyd* (1898), 19 Ind. App. 173, 49 N. E. 285; *Grand Lodge, etc.* v. *Barwe* (1906), 38 Ind. App. 308, 75 N. E. 971; 4 Joyce, Insurance §3684; *Commercial Union Assur. Co.* v. *State, ex rel.* (1888), 113 Ind. 331, 15 N. E. 518; *Federal Life Ins. Co.* v. *Arnold* (1910), 46 Ind. App. 114, 90 N. E. 493, 91 N. E. 357. The complaint is sufficient to withstand a demurrer for want of facts.

The second amended paragraph of affirmative answer when reduced to its final analysis proceeds

upon the theory that the assured met his death while
he was engaged in a business prohibited by the policy.
That the policy provided that the assured should
not, among other things, become engaged "in mak-
ing or using explosives", within one year from the
issuing of the policy without the written consent of
appellant; and it alleges that within a year from the
issuing of the policy he was killed by the explosion
of a steam engine, of which he was a part owner,
which he was operating on his brother's farm, in
running a sawmill. That the business thus en-
gaged in at the time of his death was in violation of
the policy and forfeited the same. The third para-
graph of affirmative answer proceeds upon the
theory of fraud, in that the assured in his applica-
tion for insurance, which became a part of his
policy of insurance, stated in answer to a question
propounded to him as to his business that he was a
farmer and stock dealer, and had been such for
thirty years, and was not engaged in any other busi-
ness. It is further alleged that in truth he was at
the time and had been for more than a year prior
thereto, in addition to being a farmer and stock
dealer, engaged in the hazardous undertaking of
running a steam engine for the purpose of furnish-
ing power to operate a threshing machine and saw-
mill; and in connection with two brothers he had
been for more than ten years the owner of a sawmill
and threshing machine and had during a portion of
the time in each year assisted his brothers in operat-
ing the sawmill and steam engine, and the assured
knowingly and fraudulently misrepresented said
fact to appellant. That appellant relied upon the
correctness of the answers he made, and had ap-
pellant known that the assured was engaged in a
dangerous and hazardous business, it would not
have issued said policy of insurance, or if issued, it

would have been for a smaller amount at an increased premium; and appellant accepted the policy in ignorance of the fraudulent misrepresentations contained in the answer to the questions propounded, and continued in ignorance until the accident occurred, which caused the death of the insured.

To get the full sense and meaning of the stipulation thus relied upon by appellant in its second paragraph of answer as a defence, it is necessary that it be read in connection with all other business or employments forbidden, viz., "engaging in handling electric, wires or dynamos, making or using explosives, blasting, mining, submarine labor, aeronautic ascensions, coupling and switching cars, employment on any steam or sailing vessel, or railroad train or engine, except as a passenger or sleeping car conductor within one year from the date of the policy without the written consent of the company shall work a forfeiture of all rights under the policy issued herein."

An explosive is defined as "any substance whose decomposition or combustion is generated with such rapidity that it can be used for blasting or in firearms." Century Dictionary; 19 Cyc 2. Under a Massachusetts' statute, regulating, prescribing and prohibiting certain things to be done within the municipalities of the state, explosives, as used in connection with prohibiting the keeping of the same in excess of a given quantity, are defined "to include guncotton, nitroglycerin, or any compound thereof, and any fulminate or any substance intended to be used by exploding or igniting the same, to produce a force to propel missiles or to rend apart substances, except gunpowder." 1 Rev. Laws, Mass. (1902), Chap. 102, §105. It is clear, we think, that the assured, while assisting in running a steam engine in connection with the operation of a sawmill, as dis-

closed by the second paragraph of answer, was not engaged in "making or using explosives" within the terms of the policy of insurance; and that the demurrer was properly sustained as to the second paragraph of answer.

The third paragraph of answer, as aforesaid, proceeds upon the theory of fraud, which is based principally upon the following questions and answers in the application, viz., "7. Occupation. State business and duties (if more than one occupation, give all). 7. Farmer and stock dealer. 8. What was your former occupation? 8. Same for thirty years." Which answers it is contended were false and known to be such by the assured and unknown to appellant, and up on which it relied: and that the assured represented and agreed that all answers made in the application for insurance were true and complete, and if not so, the insurance to be void. The application for insurance by appellee's husband was by the terms of the policy made a part of the contract of insurance. The application and policy are, therefore, to be treated and construed as one contract. *Moulor* v. *American Life Ins. Co.* (1884), 111 U. S. 335, 4 Sup. Ct. 466, 28 L. Ed. 447; *Indiana, etc., Ins. Co.* v. *Rundell* (1893), 7 Ind. App. 426, 34 N. E. 588; *First Nat. Bank* v. *Hartford Fire Ins. Co.* (1877), 95 U. S. 673, 24 L. Ed. 563; *Catholic Order, etc.* v. *Collins* (1912), 51 Ind. App. 285, 99 N. E. 745. Among the reasons assigned why the paragraph of answer under consideration is not sufficient to withstand a demurrer is that there is no allegation that appellant on discovering the fraud elected to avoid the contract of insurance, nor any allegation as to the tendering or offering to return the premiums paid by the assured. As already said this paragraph of

answer is based upon fraud, and that by reason of the fraud on the part of the assured all rights thereunder have been forfeited. The recent decisions of this and the Supreme Court settle the question in appellee's favor. A defence such as is attempted to be set up in the third paragraph of answer to be good must disclose that the insured elected to avoid and rescind the contract after discovering the fraud. The paragraph of answer under consideration fails to show any steps whatever taken by appellant to do so. From aught that the paragraph of answer discloses, appellant intends to retain the premiums received, as not even an equitable tender of the premiums is pleaded. This it can not do. The principle of law, and each phase of the same, as applicable to the third paragraph of answer, is fully covered by the following decisions and authorities there cited. *Commerical Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1004, Ann. Cas. 1914 A 968; *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *State Life Ins. Co.* v. *Jones* (1911), 48 Ind. App. 186, 92 N. E. 879;, *American Cent. Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 92 N. E. 380. It will serve no useful purpose to reiterate the reasons for the rule of law thus announced. In view of the foregoing authorities, the demurrer to the third paragraph of answer was properly sustained.

The conclusion we have reached makes it unnecessary to pass upon the question sought to be raised as to the assignment of error based upon the overruling of the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 111 N. E. 436. As to what constitutes insurable interest in human life, see 102 Am. St. 554. As to the necessity for pleading as a defense to a suit on an insurance policy election to avoid contract for breach of warranty, see 14 Ann. Cas. 91. See, also, under (1) 25 Cyc 916, 918; (2) 25 Cyc 917; (3) 25 Cyc 823; (4) 25 Cyc 921; (5) 25 Cyc 745.