PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* CITIZENS TRUST AND SAVINGS BANK OF EVANSVILLE, GUARDIAN.

[No. 15,051. Filed December 4, 1935.]

*Isidor Kahn, Robert C. Enlow* and *Edward E. Meyer,* for appellant.

*Edwin C. Henning* and *Nat H. Youngblood,* for appellee.

DUDINE, J.—Comes now the court and, on its own motion, recalls the opinion rendered by the court in the above entitled cause on the 8th day of November, 1935, and the court renders the following opinion in the above entitled cause, to wit:

This is an appeal from a judgment rendered in a suit instituted by appellee Citizens Trust and Savings Bank of Evansville, Indiana, Guardian of Robert E. Nichols, an incompetent, against appellant the Prudential Insurance Company of America to recover on an insurance policy issued by appellant to appellee's ward.

The complaint was in one paragraph and is an ordinary form of complaint to recover on the provision of the policy covering total and permanent disability. Appellant filed an answer in two paragraphs, the first being a general denial, and the second alleging that due proof of total and permanent disability was not furnished as was required by the terms of the policy. Appellee filed a reply in general denial to appellant's second paragraph of answer.

The cause was tried by the court, without a jury.

Upon request properly made, the court made a special finding of facts, stated three conclusions of law, and rendered judgment for $350.00 in favor of appellee.

Appellant filed a motion for new trial, which the court overruled, and thereafter appellant perfected this appeal, assigning as errors relied upon for reversal that the trial court erred in each of its conclusions of law; and erred in overruling appellant's motion for new trial.

The grounds for new trial which are discussed in appellant's brief are: (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) error in the admission of certain evidence.

The conclusions of law stated by the court are as follows:

"1. That the law is with the plaintiff. 2. That by the terms of the contract of insurance sued upon the payment of the premium due on February 11, 1933, was waived by the defendant. 3. That the plaintiff is entitled to recover on said contract of insurance from the defendant the sum of $350.00 and its costs herein paid out and expended."

Appellant contends that the conclusions of law are not supported by the finding of facts because "there was no finding that Robert E. Nichols had become permanently disabled or physically or mentally incapacitated to such an extent that he, by reason of such disability, was rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value."

We feel that appellant's counsel must have overlooked finding number three which is as follows:

"3. That on August 10, 1932, and while said policy of insurance was in full force and effect, the said Robert E. Nichols, the insured therein, was

adjudged insane by the Superior Court of Vanderburgh County, Indiana, was confined to a hospital for treatment therefor, *and ever since that date has been and is now insane and confined to a hospital, and has since said date been rendered by reason of such incapacity wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value.*" (Our italics.)

That finding, and particularly the part thereof which we have italicized (see above) so completely refutes appellant's said contention, that a discussion of the proposition would be superfluous.

Appellant further contends "there is a total failure of proof as to the receipt by appellant of due proof of appellee's total and permanent disability, as required by the policy sued upon."

Finding number seven was as follows:

"7. That on December 14, 1932, the guardian of Robert E. Nichols furnished proof of total and permanent disability on forms furnished and supplied by the defendant, Prudential Insurance Company of America, which were thereafter delivered to the defendant on December 21, 1932, . . ."

Appellant has failed to state, under the heading of propositions and authorities, any reasons why the notice referred to in finding number seven was not such "due proof," or to discuss its said contention at all, therefore, under Rule 21, clause 6th, we hold that said proposition is not duly presented for review by this court.

In support of the grounds for new trial that the decision is not supported by sufficient evidence, and is contrary to law, appellant contends that "it does not affirmatively appear from the evidence that the disability of Robert E. Nichols . . . was permanent."

The evidence shows without dispute that Nichols was found to be insane on August 10, 1932, by three doc-

tors; that he was committed to a veterans' hospital as an insane patient in August, 1932, and remained there as a patient up to date of the trial.

Appellant's contention is based on the fact, however, that the doctors testified that he *might* recover his sanity, and on the fact that no one testified that he would *never* recover.

The word "permanent" does not always embrace the idea of absolute perpetuity. See Bouvier's Law Dictionary. The insurance policy involved in the instant case, when considered in its entirety, indicates that the word "permanent," as used therein, does not embrace the idea of absolute perpetuity. The policy contained the following provisions:

> "If the insured shall furnish due proof to the company, . . . from any cause whatsoever, that he has become mentally incapacitated to such an extent that he by reason of such incapacity is rendered wholly and *permanently* unable to engage in any occupation or perform any work for any kind of compensation of financial value, the company will waive the payment of any premium, etc., and in addition thereto will pay *'during such disability,'* fifty dollars per month, such disability installments shall begin immediately after the company shall have received due proof of disability." (Our italics.)

The policy further provides under subject "Recovery From Disability":

> "The insured upon demand by the company at any time *during such disability* and before the company's liability hereunder has ceased, shall furnish due proof that he *actually continues* in a state of disability as defined above, and in case of failure so to do the insured shall be deemed to have recovered from such state of disability.
> *"In the event that the insured recovers* from such state of disability no further premiums shall be waived and no further monthly payments on account of disability shall be made." (Our italics.)

Said provisions would not harmonize with any different construction of the word permanent than the con-

struction which we have given it above. Said provisions would conflict with the construction contended for by appellant. A well known rule of construction requires courts to accept a construction of a contract which harmonizes the provisions thereof, if that can be reasonably done, as against a construction which causes the provisions thereof to be conflicting.

We hold the evidence is amply sufficient to sustain the finding that Nichols' disability was permanent, within the meaning of that term expressed in the insurance contract.

Appellant also contends that the uncontradicted evidence discloses that the appellant did not, at the time, receive due proof of the total and permanent disability as such term is defined in the policy sued upon.

The evidence discloses that a proof of loss was made by appellee on a form furnished by appellant, and was given to appellant's agent. Appellant does not give reasons under propositions and authorities why said proof of loss was insufficient; in fact appellant does not discuss its said contention under the heading of propositions and authorities.

The evidence, the introduction of which is complained of by appellant, was the record of the judgment of the Vanderburgh Superior Court adjudging Nichols insane. Appellant's reasons for said contention are that said proceeding was ex parte, and the judgment is not binding on appellant.

If the admission of said evidence was erroneous, which we do not decide, the error was harmless, because the insanity of Nichols was proven by other uncontradicted evidence. *Ginn* v. *State* (1903), 161 Ind. 292, 295, 68 N. E. 294; *Coff* v. *State* (1921), 191 Ind. 416, 133 N. E. 3.

No reversible error having been shown, the judgment is affirmed.