NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY OF
BOSTON *v.* DURRE.

[No. 14,993. Filed February 17, 1936.]

*Kahn, Enlow & Meyer,* for appellant.

*Vincent Jahn* and *Winfield K. Denton,* for appellee.

CURTIS, C. J.—This was an action brought in the trial court by the appellee upon a complaint and supplemental complaint against the appellant to recover the sum of $1,700.00 on a policy of insurance issued to the appellee by the appellant. The sum of $1,100.00 was

claimed as benefits due under the provisions of said policy providing for the payment of the sum of $50.00 per month in the event appellee had become totally and permanently disabled as therein provided, and had made due proof to appellant of such disability. The appellee also sought to recover the further sum of $429.00 as premiums paid by him to the appellant, the payment of which premiums the appellee claimed should have been waived by the appellant under the provisions of said policy of insurance.

The original complaint alleged permanent disability from January 3, 1931, to June 1, 1932, and the supplemental complaint alleged that said disability continued until November 19, 1932. To the original complaint appellant filed its demurrer, which demurrer was overruled and to which ruling the appellant at the time excepted. Appellant thereafter filed its answer in verified general denial to the original and to the supplemental complaint. The cause was tried by the court without the intervention of a jury resulting in a finding and judgment in favor of the appellee and against the appellant in the amount of $1,629.00 and costs. Appellant then filed its motion for a new trial, which was overruled with an exception and this appeal prayed and perfected. In its assignment of errors the appellant relies upon the following errors: (1) Error in overruling its demurrer to the appellee's complaint. (2) Error in overruling the motion for a new trial.

After the usual allegations as to the execution and delivery to the appellee of the said policy of insurance in the appellant company and the performance by the appellee of all of the conditions thereof on his part to be performed said complaint and supplemental complaint further allege that while said policy was in full force and effect the appellee became totally and permanently disabled, within the meaning of said

policy, from the 3rd day of January, 1931, to the 19th day of November, 1932, and that by reason thereof the appellee was entitled to be paid the sum of $50.00 per month during said time as provided in said policy and that he was entitled to recover back from the appellant the premiums paid by the appellee to the appellant during his said total and permanent disability period in the sum of $429.00, which said sum the complaint alleged the said appellant should have waived under the terms of the policy. The complaint sets out the part of said policy upon which the appellee specifically relies as follows:

### "WAIVER OF PREMIUMS AND INCOME DURING TOTAL AND PERMANENT DISABILITY.

"If the insured, before attaining the age of sixty-five years, provided premiums have been paid and this Policy is then in full force, becomes physically or mentally incapacitated to such an extent as to be wholly and permanently unable to engage in any occupation or profession or to perform any work for compensation, gain or profit; or suffers the irrevocable loss of the entire sight of both eyes, or the severance of both hands at or above the wrists, or of both feet at or above the ankles, or of one entire hand and one entire foot; and after such disability has existed for ninety days, shall furnish due proof to the Company, at its Home Office, the Company will waive the payment of any premium thereafter due upon this Policy during the continuance of such disability. Upon acceptance of such proof, and during the continuance of such disability, the Company will also pay to the Insured

### An Income of Fifty Dollars a Month.

"Such waiver of Premiums and Income Payments shall not effect any other obligation of the Company under the Policy, and the sum insured shall be payable, and the loan and cash values and shares of surplus shall be available, for the same amounts and in the same manner as if all premiums waived had been paid. Interest on any indebted-

ness to the Company on this Policy shall be deducted from the income payments.

"The Company shall have the right at any time, but not oftener than once a year, to require due proof, by an examination of the Insured by its duly appointed Medical Examiner, of the continuance of the disability. If the Insured shall so far recover as to be able to engage in any occupation or profession or to perform any work for compensation, gain or profit, no further premium will be waived nor monthly income paid; and all premiums thereafter falling due shall be paid by the Insured in conformity with the terms of said Policy."

The complaint contains the further allegations as to proof of loss and demand for payment on account thereof.

As heretofore stated the original complaint alleged that "on January 3, 1931, said plaintiff became physically incapacitated to such an extent as to be wholly and permanently unable to engage in any occupation or profession, or to perform any work for compensation, gain or profit; that such total disability, from the time of its said inception, to wit, January 3d, continued and existed until the first day of June, 1931." (June 1, 1931, was the date when the original complaint was filed. The supplemental complaint as previously mentioned alleged the continuation of said disability until November 19, 1932.)

The demurrer was addressed to the original complaint. The memorandum contains the following four specifications:

"(1) That said complaint seeks to recover under a provision of a policy of insurance issued on the life of the plaintiff by the defendant which provides for the waiver of premiums and the payment of the sum of fifty dollars ($50.00) per month if the insured becomes physically or mentally incapacitated to such an extent as to be wholly and permanently unable to engage in any occupation or

profession or to perform any work for compensation, gain or profit.

"(2) Said complaint wholly fails to state any facts showing that plaintiff has at any time become physically or mentally incapacitated to such an extent as to be wholly and permanently unable to engage in any occupation or profession or to perform any work for compensation, gain or profit.

"(3) Plaintiff's complaint shows affirmatively that plaintiff's disability, if any, for which he seeks to recover against the defendant by his complaint herein began January 3, 1931, and ended June 1, 1931, and hence said complaint shows on its face that such disability was not total and permanent.

"(4) Said complaint wholly fails to state any facts showing a right in the plaintiff to recover under the provisions of the policy of insurance of the defendant sued upon in plaintiff's complaint herein."

The causes or grounds of the motion for a new trial that require our consideration are that the decision of the court is not sustained by sufficient evidence, is contrary to law and that the assessment of the amount of recovery is erroneous, being too large.

The appellant's main contentions as to the demurrer center around its argument that the complaint upon its face, as it alleges, shows a temporary disability and not a permanent one within the meaning of the policy sued upon.

Its main contention as to the causes or grounds in the motion for a new trial, that the decision of the court is not sustained by sufficient evidence and is contrary to law is also based upon its argument that the evidence fails to show that the appellee was totally and permanently disabled within the meaning of said policy. In none of these contentions is the appellant correct. The appellant is in error as to the proper construction to be placed upon the terms permanent and total disability as used in the policy.

This court has recently in two cases considered and

construed the meaning of the said expression permanent as used in policies similar to the one under consideration and its opinion is adverse to the appellant's contention herein. See *Aetna Life Insurance Co. of Hartford, Conn.* v. *Huffstetter* (1936), *ante* 355, 195 N. E. 598; *Prudential Ins. Co. of America* v. *Citizens Trust and Savings Bank of Evansville* (1936), *ante* 168, 198 N. E. 116.

The very terms of the policy itself would indicate that the word permanent is not used in the policy in the sense in which the appellant contends it is used, for the policy contains the provision which we have heretofore set out that the company shall have the right at certain times specified in the policy to have a physical examination made of the insured by its duly appointed medical examiner to determine whether or not the total disability still exists. The provisions of the policy certainly contemplate that the word permanent is not synonymous as used in the policy with the words everlasting or forever but on the contrary the policy recognizes that a condition which at the time is permanent may be changed in time so that "If the insured shall so far recover as to be able to engage in any occupation or to perform any work for compensation, gain or profit, no further premium will be waived nor monthly income paid." We see no reason to hold that the word permanent is not used in the policy in its natural and ordinary sense like for instance it is used in speaking of two bridges, describing the one as temporary or transient and the other as having a fixed or permanent nature, but not, of course, intending to convey the idea that the latter bridge will last forever. The policy itself provides as follows: "And after such disability has existed for *ninety days* (our italics), shall furnish due proof thereof to the company, at its Home Office, the company will waive the payment of any premium thereafter due

upon the policy *during the continuance of such disability.*" (Our italics.)

The two cases which we have heretofore mentioned are in line with the great weight of authority in this country upon this question and we do not feel ■ called upon herein to enter into a more detailed statement of law. It is also established in the case of *Aetna, etc., supra,* that where during the disputed period of time when the insurance company is refusing to allow the claim as a permanent and total disability claim that whatever premiums are paid during said time by the insured may be recovered back in a proper case such as the instant one.

We have read the evidence that has been presented in the briefs of the appellant and appellee and it is our opinion that the evidence is ample to sustain the decision of the court. The law as to what the provision of the policy as to the insured being *wholly* unable to engage in any occupation, etc., has been so fully announced in our recent decisions that we do not herein restate it. See *Metropolitan Life Insurance Company* v. *Schneider* (1935), 99 Ind. App. 570, 193 N. E. 690; *The Prudential Insurance Company of America* v. *Andrew Martin* (1936), *ante* 320, 196 N. E. 125.

The assessment of the amount of recovery is not excessive as the appellee is entitled to receive $50.00 a month for twenty-two months plus $429.00 of ■ premiums paid during the disputed period together with interest on the $50.00 payments from the time each should have been paid by the insurance company. When these items are considered, the amount of recovery is found not to be excessive.

We have found no reversible error. Judgment affirmed.