## METROPOLITAN LIFE INSURANCE COMPANY *v*. FRISCH

[No. 17,412.   Filed April 5, 1946.   Rehearing Denied November
29, 1946.   Transfer Denied September 27, 1946.]

658

*Sidney S. Miller* and *Harold H. Bredell,* both of Indianapolis, for appellant.

*Bernard Stroyman,* of Indianapolis, for appellee.

CRUMPACKER, J.—The first question presented by this appeal involves the sufficiency of the appellee's complaint. The issue was raised by a demurrer for want of facts which the appellant contends was erroneously overruled. The complaint alleges in substance that the appellee's life is insured in the sum of $10,000.00 through a certain policy issued by the appellant and that by a supplementary contract, attached thereto and made a part thereof, the appellant agreed:

"that upon receipt by the Company at its Home Office in the City of New York of due proof, on forms which will be furnished by the Company, on request, that the insured has, while said Policy and this Supplementary Contract are in full force and prior to the anniversary date of said Policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said Policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation 'or profit, and that such disability has already continued uninterrupted for a period of at least three months, it will, during the continuance of such disability,

"1. Waive the payment of each premium falling due under said policy and this Supplementary Contract, and

"2. Pay to the insured, or a person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record under such Policy, a monthly income of $10 for each $1,000 of insurance, or of commuted value of instalments, if any, under said policy."

That while said policy and supplementary contract were in full force and effect the appellee became and was totally and permanently disabled from October 18, 1942, to July 10, 1943, and by reason thereof he is entitled to recover from the appellant the sum of $100 per month for the period of such disability and to a waiver of the premiums on said policy and supplemental contract covering such period in the sum of $306.60. That the appellant refused to waive the payment of such premiums and further refused and still refuses to pay the disability benefits due him as above set out.

The appellant contends that this complaint is bad because it shows on its face that the appellee's disability, being of but nine months duration, was merely temporary while the contract upon which he sues provides for the payment of benefits only in the event such disability is permanent. The word "permanent," the appellant says, when used as descriptive of the physical condition of a human being, means continuing until death and that judicial sanction of the assertion that the appellee was permanently disabled for nine months would inject the law with absurdity. It is a matter of common knowledge, we think, that in many instances of total disability a prognosis as to permanency, in the sense for which the appellant contends, cannot be made with absolute certainty and occasionally total disability, which at a given time gives every indication of being permanent, with the passage of time and through the efforts of nature and improved medical technique is entirely cured or is alleviated to the extent that it becomes partial only. That such a situation may develop is recognized by the very contract here under consideration through its provisions concerning periodical proof of continuing total disability and the cessation of payments in the event of

recovery. Therefore, it seems to us that the word "permanent" as used in disability benefit contracts is descriptive of the nature of the disability rather than of its duration, *Countee* v. *United States* (1940), 112 F. (2d) 447, 449, and that any affliction of a disabling nature which, in all reasonable probability, will continue indefinitely with no present indication of recovery, is a permanent disability for the purpose of beginning the payment of benefits and if thereafter total disability ceases the payments cease. See *New England Mut. Life Ins. Co.* v. *Durre* (1936), 101 Ind. App. 467, 199 N. E. 868; *Aetna Life Ins. Co.* v. *Huffstetter* (1936), 101 Ind. App. 355, 195 N. E. 598; *Prudential Ins. Co.* v. *Citizens L. & S. Bk., Gdn.* (1935), 101 Ind. App. 168, 198 N. E. 116. To hold that there is no liability on a disability contract until it becomes absolutely certain that the insured's incapacity will continue until his death would, in many cases, convert such a contract into a policy of life insurance and defeat the very purpose of disability insurance which is designed to sustain the insured during the years of his incapacity to earn. *Wallace* v. *Brotherhood* (1942), 230 Iowa 1126, 300 N. W. 322.

The appellee's complaint alleges that he became totally and permanently disabled on October 18, 1942, "within the meaning of the supplementary contract." We take such allegation to be the equivalent of charging that on October 18, 1942, he suffered an affliction from which there was then no present indication that he would ever recover and that his disability by reason of such affliction was total and would probably continue to be so indefinitely. Proof to the appellant of these facts together with proof that such disability had continued uninterrupted for the past three months was a condition precedent to the appellee's right

to benefit payments. His complaint alleges that he "has performed all of the terms and conditions of said insurance contract on his part to be performed" which, in general terms, is an allegation that he made such proof of his disability as is required by the contract. *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 381, 111 N. E. 305; *Fireman's Fund Ins. Co.* v. *Finkelstein* (1905), 164 Ind. 376, 378, 73 N. E. 814; *Anchor Life Ins. Co.* v. *Meyer* (1916), 61 Ind. App. 35, 37, 111 N. E. 436; *Indiana Life, etc, Co.* v. *Patterson* (1914), 55 Ind. App 291, 295, 103 N. E. 817. Having performed the condition precedent to the appellant's liability and the appellant having refused to make the payments which thereupon became due, the appellee's cause of action to recover the same matured and became a vested right. The fact that his complaint discloses that his disability was alleviated nine months later is not fatal to his cause of action though his right to benefits is limited, of course, to the period of his total disability. In the case of *Yoffa* v. *Metropolitan Life Ins. Co.* (1939), 304 Mass. 110, 23 N. E. (2d) 108, it was held that under a policy of insurance providing for the payment of benefits for permanent disability after such disability has continued uninterrupted for a period of three months, the fact that the insured recovered from such disability before bringing suit on the policy, was not of itself proof that his disability was not of such a permanent nature as to vest in him a cause of action for disability benefits which was not divested by his subsequent recovery. For the reasons above indicated we hold that appellant's demurrer to the complaint was properly overruled.

The case was tried to the court, the finding was for the appellee and judgment went accordingly. By an

assignment charging error in the overruling of its motion for a new trial the appellant presents the questions: (1) Is there sufficient evidence to sustain the decision of the court? (2) Is such decision contrary to law? In its presentation of the second of these questions the appellant states but a single proposition—a decision supported by insufficient evidence is contrary to law—and therefore our holding on the first will dispose of both. A clear understanding of what the parties intended by the contract under consideration will help us in determining the *quantum* and nature of the evidence necessary to sustain a suit to recover the benefits therein provided. Unless we destroy the very purpose of disability insurance we must construe said contract as meaning that whenever it shall appear that the appellee is totally disabled and that such disability has already continued for an uninterrupted period of three months and will, so far as it is possible to ascertain, be permanent, as we have heretofore defined the word, the appellee shall receive the income and have the premiums waived, as provided in the contract, from the time such facts are established until the appellee recovers or dies. Such being the contract upon which the appellee sues it was encumbent upon him to furnish the appellant with "due proof" (1) that he was then totally disabled; (2) that such disability had already continued for an uninterrupted period of at least three months; (3) that there was then no indication of recovery; and (4) that such disability would, in all reasonable probability, continue indefinitely. This, the appellant insists, the appellee failed to do. Its contention, in this respect, is based largely on the fact that in all the proof furnished the appellant as a condition precedent to liability, there is no expert medical testimony prognosticating total permanent disability. This is true but

does the term "due proof," as used in the contract here involved, require that the permanency of disability be established by the opinions of medical experts? We think not. "Due proof" means sufficient evidence to support or produce a conclusion. *Lando* v. *Equitable Life Assur. Soc. of the United States* (1935), 11 F. Supp. 729. It need not be in any particular form, *Aetna Life Ins. Co.* v. *Tipps* (1938), 132 Tex. 213, 121 S. W. (2d) 324, nor need it be the strongest and best proof possible. *Hablutzel* v. *Home Life Ins. Co. of New York* (1932), 332 Mo. 920, 52 S. W. (2d) 480. Any statement of facts, reasonably verified, as will require payment of the claim if established in court, is due proof. *Zorger* v. *Prudential Ins. Co.* (1935), 282 Ill. App. 444; *Peters* v. *Mutual Life Ins. Co. of New York* (1936), 17 F. Supp. 246.

It was held in *Prudential Ins. Co.* v. *Litzke* (1934), 36 Del. 592, 179 A. 492, that a provision in a policy of life insurance that "due proof" of the insured's total and permanent disability must be made, does not mean such proof as the insurer might desire or arbitrarily demand, but rather such reasonable proof under all the circumstances as the particular case might admit in the judgment of the tribunal charged with the settlement of the controversy. Such being the law the factual issue before the trial court was this: When the appellant refused to honor the appellee's claim had it been furnished with evidence from which said trial court could reasonably conclude that the total disability with which the appellee was then afflicted was permanent, as we have heretofore defined the term.

All the evidence in the case was stipulated by the parties and all of it was in possession and had been considered by the appellant before it disallowed the appellee's claim. Such evidence tends to prove that on

February 16, 1943, the appellee had been totally disabled for an uninterrupted period of more than three months and on that day he gave the appellant written notice that he intended to claim the benefits provided by the supplementary contract here in suit. On or about the 23rd day of February, 1943, he filed a statement of his claim with the appellant accompanied by his attending physician's certificate in which it is stated that the appellee is wholly unable to engage in any occupation or business at the present time and that such incapacity is due to icterus, gallstones and a swollen liver concerning which the physician could make no prognosis. The matter was referred to the appellant's medical examiner who reported on March 1, 1943, that the appellee was then suffering from an enlarged spleen, low blood pressure, diabetes and an unhealed incision resulting from an operation for the removal of his gall bladder performed at the Mayo Clinic on December 14, 1942. That the appellee was then wholly unable to engage in any occupation or business but that his disability was not total in the sense that the "patient is able to take a daily walk if weather permits" and "can conduct his business in large part by phone." Upon further investigation the appellant learned that the appellee's family physician had examined him on October 21 and 23, 1942, and found that he was then suffering from a progressive disease of the liver and that his spleen was several times its normal size. That he was sent to the Mayo Clinic where he was operated December 14, 1942, and his gall bladder and appendix were removed. He was found to be suffering from diabetes, cirrhosis of the liver and a diseased spleen, which at that time was 8 to 10 times normal size. That the appellee's symptoms were characteristic of Banti's disease—a disease of the spleen which is progressive in

nature and usually fatal or productive of invalidism over a long period of time. The tip of the appendix was cancerous over a small area. On March 24, 1943, the Mayo Clinic informed the appellant by letter that it expressed no opinion as to when the appellee would be sufficiently recovered to engage in suitable work.

The trial court held that this evidence was sufficient to meet the requirements of "due proof" of total and permanent disability and that the appellee's claim should have been allowed. With such holding we are in full accord. In February and March, 1943,—the period during which the above evidence was furnished to the appellant, the appellee was totally disabled and no physician or surgeon saw fit to prognosticate a recovery. From that fact we think it is a legitimate and reasonable inference that there was then no present indication of recovery and that such disability would continue indefinitely.

Judgment affirmed.

NOTE.—Reported in 65 N. E. (2d) 852.

ON PETITION FOR REHEARING

CRUMPACKER, J.—Through our ineptness, perhaps, in the expression of our opinion in this case it is apparent that the appellant has misconceived its import. It was our purpose to go no further than to say that the appellant, under its contract, was obligated to begin the payment of the benefits therein provided, upon due proof that the appellee had been totally disabled for a period of three months; that such disability was permanent as we defined the term and that such obligation continued until the appellee recovered. Whether such proof had been furnished was a question of fact for the trial court and its finding in reference

668

thereto is binding on us if there is substantial evidence to support it. We set out the evidence we considered most favorable to the court's decision and concluded that it is substantial and supports a reasonable inference that, at the time proof was furnished to the appellant, the appellee's disability was total and permanent as our courts have defined the term when used in contracts of insurance. The appellee's subsequent recovery did nothing more than terminate the appellant's obligation to continue the payment of benefits and could not serve to divest a cause of action that accrued upon the submission of due proof.

Rehearing denied.

NOTE.—Reported in 66 N. E. (2d) 768.